At issue in this case is the validity of a municipal ordinance challenged on both constitutional and statutory grounds. The ordinance purports to regulate the detonation of explosives within the police jurisdiction and corporate limits of the City of Russellville. It is challenged by Vulcan Materials Company, which operates a limestone quarry located at the city limits. Because we agree with the trial court that the ordinance is beyond the constitutional power of the City to enact, we affirm on that ground, and pretermit discussion of the numerous other issues raised on this appeal.
The history of this litigation, insofar as pertinent, is as follows:
Vulcan, or its predecessor in interest, has operated the limestone quarry in question since 1959. The process of removing limestone rock from the quarry requires the periodic use of explosives. The evidence introduced at trial tended to show that the quarry has detonated explosives without increase in the frequency or intensity of the blasting since 1959. It is located near two residential subdivisions which, it is alleged, were created prior to the beginning of the blasting, but which have been built up considerably since that time. Residents of the subdivisions testified at trial that the blasting caused them annoyance and property damage of various sorts and that petitions had been circulated around the neighborhood for years in an attempt to halt the blasting.
In 1976, the then Attorney General filed an action in the Circuit Court for Franklin County seeking to enjoin the blasting on the theory that it constituted a nuisance within the meaning of Code 1975, § 6-5-120. Following a trial on the merits, the trial court issued an interlocutory decree instructing Vulcan to conduct its blasting so as to limit the resulting particle velocities to 0.5 inch/second at a point 1600 feet from the blast, and 0.75 inch/second 1100 feet from the blast.
On November 21, 1977, the City Council of Russellville, after consulting with an expert in the field of vibration damage to materials, adopted Ordinance 77-113, which reads in pertinent part:
 All blasting within the police jurisdiction of Russellville shall be conducted so as to cause a particle velocity of no greater than 0.4 inch/second for any occupied dwelling located within the city limits of Russellville. [Emphasis added.]
At the time this ordinance was adopted, both Vulcan and the City mistakenly assumed that the nearest dwelling to the quarry within the city limits was located at a distance of 1100 feet from the quarry. Vulcan filed this action seeking to have enforcement of the ordinance enjoined and for a declaratory judgment that the ordinance is unconstitutional and beyond the authority of the City to enact. At trial, it introduced expert testimony to the effect that a restriction lower than 1.0 inch/second does not produce any greater safety margin than that provided by a restriction of 1.0 inch/second, that being the threshold particle velocity for materials used in building construction below which no damage will occur. The relief requested was denied by decree dated August 7, 1978.
It was subsequently discovered that the city limits extend further than the parties had assumed, and that the quarry is located partially within the city limits rather than entirely within the police jurisdiction, as had been believed. Also included within the city limits as properly drawn is a house owned by Vulcan and located merely 250 feet from the blasting. The dwelling is rented and occupied by one Lonnie Grissom. This discovery required application of the 0.4 inch/second particle velocity standard to a point 250 feet from the quarry rather than 1100 feet.
On October 16, 1978, Vulcan and the City filed a Joint Stipulation of Facts in which the correct location of the city limits was agreed to, and in which it was stipulated that enforcement of the ordinance would make operation of the quarry economically unfeasible. Vulcan filed a motion for relief from judgment based on this new evidence, contending that the ordinance was an unreasonable and arbitrary exercise of the *Page 527 
City's police power which deprived it of due process rights under both the federal and state constitutions. Specifically, it contended that the ordinance imposed restrictions drastically more stringent than required by safety considerations, without taking into consideration the extent of the economic injury Vulcan would suffer from the restrictions. While recognizing the presumption of validity accorded municipal ordinances, it argued that the City should have balanced the need to protect its citizens from excessive blasting with the loss Vulcan would incur if forced to cease blasting completely, and should have considered the availability and effectiveness of other less drastic protective measures. A new decree was entered on December 19, 1978, striking the original decree and holding the ordinance unconstitutional and void. Meanwhile, on December 8, 1978, the interlocutory decree in the nuisance action was amended to reduce permissible particle velocities to 0.45 inch/second, with "a tolerance of 10% on blasting intensity of 20% of number of blasts made each month," to be measured at a point approximately 1600 feet from the quarry.
We have recently discussed a trial court's permissible scope of review in reviewing an action of a municipal legislative body. In City of Birmingham v. Norris, 374 So.2d 854 (Ala. 1979), p. 856, we affirmed the principle that:
 ". . . [T]he right of a governing body to enact . . . ordinances is not unlimited, and the ordinance must bear some substantial relation to the public health, safety, morals, general welfare, and general convenience. . . .
* * * * * *
 ". . . [I]f the [ordinance] is fairly debatable, a court will not substitute its judgment for that of the municipal government body acting in legislative capacity. . . ." [Quoting from Allen v. Axford, 285 Ala. 251, 257, 231 So.2d 122, 127 (1969).]
While the courts are reluctant to interfere with the wide discretion vested in the municipal authorities in enacting ordinances for the public welfare, the duty rests upon the courts to determine their reasonableness, and if an ordinance is found to be unreasonable and but arbitrary fiat, a court will not hesitate to perform that duty and strike it down.Gilchrist Drug Co. v. City of Birmingham, 234 Ala. 204,174 So. 609, 111 A.L.R. 103 (1937). Municipal authorities are given the power in this state to prevent and to abate nuisances, but they cannot, in the exercise of this power, declare a perfectly lawful business or trade to be a nuisance and abate it when the business, trade, or thing is not in law or in fact a nuisance, or is not carried on or operated in such manner as to be likely to become a nuisance. Spear v. Ward, 199 Ala. 105, 74 So. 27
(1917); Reynolds v. Vulcan Materials Company, 279 Ala. 363,185 So.2d 386 (1966). A court of equity may enjoin the enforcement of an unreasonable or invalid ordinance when the enforcement of the same would interfere with the conduct of business or other property rights. City of Birmingham v. Leo A. Seltzer, Inc.,229 Ala. 675, 159 So. 203 (1935).
The validity of a police power regulation, therefore, primarily depends on whether, under all the existing circumstances, the regulation is reasonable, and whether it is really designed to accomplish a purpose properly falling within the scope of the police power. Crabtree v. City of Birmingham,292 Ala. 684, 299 So.2d 282 (1974). Cities may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities. Leary v. Adams, 226 Ala. 472,147 So. 391 (1933). Otherwise expressed, the police power may not be employed to prevent evils of a remote or highly problematical character. Nor may its exercise be justified when the restraint imposed upon the exercise of a private right is disproportionate to the amount of evil that will be corrected.Bolin v. State, 266 Ala. 256, 96 So.2d 582, conformed to in39 Ala. App. 161, 96 So.2d 592 (1957). In view of the evidence introduced at trial indicating that less restrictive standards than that applied *Page 528 
by the ordinance in question would produce the same degree of safety without having the effect of prohibiting operation of the quarry, we agree with the trial court's finding that the ordinance is unreasonable and, therefore, unconstitutional and void. For this reason, we affirm the judgment appealed from.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.