OPINION OF THE COURT
S. Herman Klarsfeld, J.
[l]Upon stipulation of the defense counsel representing the defendants and the Corporation Counsel, all of these summonses applicable to the same premises were consolidated for purposes of this motion. The 14 summonses issued to the defendants allege the operation of an unlicensed caba *360 ret in violation of section B32-297.0 of the Administrative Code of the City of New York. The People allege that the establishment in question featured a five-piece band with brass and percussion instruments and that the patrons engaged in dancing on the premises where drinks were sold. The applicable provision of that section reads as follows: “a. It shall be unlawful for any person to conduct, maintain or operate, or engage in the business of conducting, maintaining or operating, a public dance hall, cabaret or catering establishment unless the premises wherein the same is conducted, maintained or operated are licensed in the manner prescribed herein.” Pursuant to CPL 170.30 (subd 1, par [a]) the defendants move to dismiss all of the summonses issued, on the grounds that article 38 (§§ B32297.0 — B32-307.0) is unconstitutional as violative of the First and Fourteenth Amendments of the Constitution of the United States. The defendants have standing to challenge the constitutionality of the ordinance. They are present before the court facing prosecution for criminal charges and thus, directly affected by the enforcement of the statute in question. (People v Gellman, Docket No. N3568631/78, March 19, 1979.) In addition, it has been consistently held that regardless of whether a party has ever applied for a license or could have obtained a license, that party may challenge the constitutionality of a licensing ordinance on its face. (Shuttlesworth v City of Birmingham, 394 US 147, 151; Freedman v Maryland, 380 US 51, 56; NATCO Theatres v Ratner, 463 F Supp 1124.)
The defendants in this case were charged with violation of section B32-297.0, which requires a cabaret to comply with the licensing provisions of the ordinance. A “cabaret” is defined in section B32-296.0 as an establishment which permits “musical entertainment, singing, dancing or other form of amusement”, where such musical entertainment is more than incidental. “Incidental” is defined by the ordinance as “not more than three persons playing piano, organ, accordion or guitar or any stringed instrument or by not more than one singer accompanied by himself or a person playing piano, organ, accordion, guitar or any stringed instrument”.
*361 It is clear that operating and maintaining a cabaret is a type of activity like operating and maintaining a movie theatre, which is protected by the First Amendment. (Interstate Circuit v Dallas, 390 US 676; Doran v Salem Inn, 422 US 922; Joseph Burstyn, Inc. v Wilson, 343 US 495.) It has also been held that although a system of prior restraint is not unconstitutional per se, such a system comes to court bearing a heavy presumption against its constitutional validity. (Southeastern Promotions v Conrad, 420 US 546; Near v Minnesota, 283 US 697.) The city has the burden of demonstrating compelling interests to justify such prior restraints. (People v Duryea, 76 Misc 2d 948, affd 44 AD2d 663.)
The first part of the ordinance to be examined is that which defines “cabaret”. The type of entertainment “permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink” which requires a license to be obtained is “any musical entertainment singing, dancing or other form of amusement” (emphasis supplied). Such a definition may include activities such as the playing of backgammon, chess or any electronic game. The ostensible purpose of the licensing ordinance is to give the Department of Consumer Affairs the power to regulate certain kinds of establishments where the health and safety of the people of New York City may need to be protected. Obviously the legislature has determined that establishments which merely serve food and beverages do not require cabaret licenses. Did the legislature intend that an establishment which may allow some innocuous form of amusement be subject to these licensing provisions?
The second part of the statute under attack as being constitutionally invalid on its face is that portion of section B32-296.0 (subd 3) which creates an exception to those establishments that must be licensed. While the defendants do not dispute the power of a municipality to license cabarets, it is contended that there must be at least a rational basis for determining who must obtain a license, since the kind of activity to be licensed is protected by the First Amendment and the imposition of the licensing requirement *362 restrains the activity. (People v Duryea, supra.) According to the statute, an establishment that provides music by “mechanical devices” is exempt from licensing, regardless of the noise level of such device, while four acoustic guitars which might be quieter than a juke box would subject an establishment to the licensing provisions. In view of modern technology which has enabled one phonograph record with a complex speaker system to sound like an orchestra, the distinction drawn by the legislature has become, in effect, obsolete.
It is clear then, that the portion of the statute which defines “cabaret” is capable of a broad interpretation which the legislature may not have intended. The citizen who runs an establishment which provides amusement not specifically prohibited by the statute is left at his peril, not knowing if he has violated a penal statute. Likewise, that portion of the statute which creates an exception to the licensing requirement could conceivably mandate a result not intended by the legislature.
However, judicial self-restraint and due deference for the separation of powers doctrine dictate that a trial court’s determination of invalidity be made only when such construction is inelectably inescapable. (People v Velez, 88 Misc 2d 378.) In the case at hand it was alleged that in addition to a five-piece band, there was also dancing on the premises. The part of the ordinance that requires an establishment with dancing to obtain a cabaret license is not under scrutiny. Indeed, that portion is clearly acceptable as the kind of activity that can be regulated. Therefore, it is not necessary for this court to declare the ordinance unconstitutional.
The court does hope, however, that a copy of this decision be given by the Corporation Counsel to the city legislature and that legislature give serious consideration to a revision of the above-stated provisions of the ordinance to make them clearer and to the extent possible, reflect the advances in modern technology.
Accordingly, the defendant’s motion to dismiss the summonses issued is denied.