FAULKNER, Justice.
James D. Parrish appeals from a judgment finding that he operated his business in such a manner as to constitute a public nuisance. Parrish owned and operated an automobile wrecking business, which includes buying old motor vehicles, dismantling and wrecking them, selling the serviceable parts, and junking the residue on his land. Parrish neither had a city license nor a license from the State of Alabama to operate the business.
The City of Littleville, a municipal corporation, brought this action under the authority of § 6-5-122, Code 1975, wherein it is stated: “All municipalities in the state of Alabama may commence an action in the name of the city to abate or enjoin any public nuisance injurious to the health, morals, comfort or welfare of the community or any portion thereof.” In this cause, an injunction was sought on the grounds that Parrish’s operation of an auto-wrecking yard was a nuisance and was in violation of a city ordinance.[1] The ordinance stated in pertinent part, “It shall be unlawful for any person, firm, or corporation to own, keep, operate, maintain or manage an ‘Auto Wrecking Business ... ’ ” and “Each day’s violation of this Ordinance shall constitute a separate offense.”
In its judgment the court stated that Parrish “operates his business in such a manner as to constitute a public nuisance under the laws of the State of Alabama and that the operation of said business, if allowed to continue, will cause irreparable injury to the City and its residents and in particular those residents that live in the immediate vicinity of defendant’s operation and will interfere with the peaceful use and enjoyment of their property.” The court then proceeded to enjoin Parrish from the further operation of his business and ordered him to remove all automobiles or personalty of any nature from the property and to take such measures as would prevent water from standing on the property.
This appeal concerns whether Parrish’s operation of his auto-wrecking business should be enjoined.
It is not disputed that Parrish was maintaining an auto-wrecking business within the city limits in violation of a city ordinance. Yet, Parrish does not question the validity or reasonableness of the ordinance. His grounds for appeal are (1) that his conduct did not constitute a “public nuisance” and (2) that the trial court erred in issuing injunctive relief in the nature and to the extent set forth in its decree.
*778 Although the trial court did not base its judgment upon the ordinance but rather properly based it upon a finding from the evidence, adduced ore tenus, that Parrish’s business was a public nuisance, we are compelled to comment regarding applicable law to ordinances of the nature of No. 1979C (set out in footnote 1). “Municipal authorities are given the power in this state to prevent and abate nuisances, but they cannot, in the exercise of this power, declare a perfectly lawful business or trade to be a nuisance and abate it when the business, trade, or thing is not in law or fact a nuisance, or is not carried on or operated in such a manner as to be likely to become a nuisance.” City of Russellville v. Vulcan Materials Co., 382 So.2d 525 (Ala.1980), and authorities cited therein. Contra, see generally Harrison v. Buckhalt, 364 So.2d 283 (Ala.1978).
Because the trier of fact, here the judge sitting without a jury, found under the facts and circumstances of this case that Parrish’s business was a public nuisance, the judgment below is due to be, and it is hereby, affirmed. See Morgan County Concrete Co. v. Tanner, 374 So.2d 1344 (Ala.1979).
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.

. “ORDINANCE
“No. 1979 C
“BE IT ORDERED by the Town Council of the Town of Littleville, Colbert County, Alabama, as follows:
“Section 1. Definitions: For the purposes of this Ordinance:
“(a) The term ‘Auto Wrecking Business’ shall mean any business or operation which acquires and stores or keeps for sale or disposition motor vehicles for the purpose of selling, giving, crushing, trading or otherwise disposing of the same or parts of the same, body or motor, from said vehicles, whether said business is generally referred to, described and maintained and operated as a wrecking business, a salvage business, a parts (used) business, a junk business, a crushing business or otherwise.
“(b) As used in this Ordinance the term ‘Vehicles’ shall include automobiles, motor-buses, trucks, wagons, tractors, farm machinery and any other means of conveyances, implement or body which was or is on wheels.
“Section 2. It shall be unlawful for any person, firm or corporation to own, keep, operate, maintain or manage an ‘Auto Wrecking Business’ as defined herein.
“Section 3. Each day’s violation of this Ordinance shall constitute a separate offense.
“Section 4. Any person, firm or corporation who shall violate any provision of this Ordinance shall be guilty of a misdemeanor and shall be punished by fine of not less that $1.00, nor more than $200.00, or by imprisonment for 30 days, or both, at the discretion of the Court trying the case.
“Section 5. All Ordinances or parts of Ordinances in conflict with the provisions of this Ordinance are hereby repealed.
“Section 6. This Ordinance shall become effective on and after the 2nd day of May, 1977.”