542 So.2d 322 (1988)
Eddie Wesley MOORE, Tim Wesley Douglas, and Jack Morgan
v.
CITY OF GULF SHORES.
1 Div. 616.
Court of Criminal Appeals of Alabama.
December 30, 1988.
Rehearing Denied March 17, 1989.
A. Richard Maples, Jr. of Thiry, Maples & Brunson, Mobile, for appellants.
L.P. Sutley of Murchison & Sutley, Foley, for appellee.
PATTERSON, Judge.
Eddie Wesley Moore, Tim Wesley Douglas, and Jack Morgan appeal from their convictions for violating the City of Gulf Shores' anti-noise ordinance (No. 361). Each of the appellants was convicted in the Municipal Court of Gulf Shores. They appealed to the Circuit Court of Baldwin County, where, after agreeing to consolidate their cases and waiving a jury trial, they were again found guilty. Each was fined $100.
During the summer of 1986, each of the appellants was associated, in varying degrees, either in an ownership or a managerial capacity, with Margaritaville, a Gulf Shores nightclub. Their convictions arose from complaints filed by two persons residing in a residential section abutting the business district where Margaritaville is located. The appellants were charged because of the allegedly loud music emanating from Margaritaville.
The appellants raise four issues on appeal; however, because of our decision on the single issue discussed below, we chose not to address the remaining three.
The appellants argue that the anti-noise ordinance is so overly broad that it violates their constitutional right of due process. The pertinent portion of the ordinance with which the appellants were charged provides that "[i]t shall be unlawful for any person to make, cause, or permit to be made any unreasonable noise or vibration within the city limits of the City of Gulf Shores." The ordinance defines "unreasonable noise and vibration," in pertinent part, as follows:
"The playing or operation of any musical instrument, appliance, amplifier, loudspeaker, or sound reproduction device in or on the premises of a Commercial Establishment or Private Club in such a manner as to result in the sound, any portion of the sound, or any vibration *323 therefrom being projected off the premises of the Commercial Establishment or Private Club so as to be audible or perceptible in any Residential District at any time...."
The appellants contend that the ordinance's prohibition of any sound or vibration sweeps too broadly, for it is without reference to a specific time frame, the level of the sound, the proximity to the residential district, or the actual impact on the residents. We agree.
An individual's constitutional right to the due process of law "is violated when a statute or regulation is unduly vague, unreasonable, or overbroad." Ross Neely Express, Inc. v. Alabama Department of Environmental Management, 437 So.2d 82, 84 (Ala.1983). "Statutes and regulations are void for overbreadth if their object is achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." Id. at 85. Music and other forms of live entertainment fall within these protected freedoms. Schad v. Borough of Mount Ephraim, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981). In Reeves v. McConn, 631 F.2d 377, 382 (5th Cir.1980), the court, citing Saia v. New York, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948), stated the following:
"[W]hen the exercise of First Amendment rights infringes on legitimate state interests, a city may enact narrowly drawn statutes regulating the time, place, and manner of such activities. 334 U.S. at 562, 68 S.Ct. at 1150. Courts then have the task of balancing the legitimate community interests protected by such statutes against the infringement of First Amendment rights, `[b]ut in that process they should be mindful to keep the freedoms of the First Amendment in a preferred position.' Id."
The instant ordinance, while addressing a matter well within the city's police power, is drafted too broadly to be upheld. It seeks to ban any sound or vibration, emanating from a commercial establishment, which is audible or perceptible in any residential district at any time. While there can be no doubt that the peace and tranquility of one's home is an important interest, deserving protection, it is essential that such protection be narrowly drawn and applied so as to minimize its infringement on First Amendment freedoms. "Cities may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities." City of Russellville v. Vulcan Materials Co., 382 So.2d 525, 527 (Ala.1980). The prohibition of sound at any volume and at any time restricts the activities of property owners beyond the point necessary to accomplish the objective for which the ordinance was created. The overbreadth of this ordinance requires that these convictions be reversed and the ordinance be struck down. As stated in Reeves,
"We are certain that most citizens desire protection from unreasonable or disruptive levels of noise on the streets and from uninvited noise within the privacy of their homes. We say nothing today that prevents the city from granting that protection. When the city fears disruption, it may prohibit conduct that actually causes, or imminently threatens to cause, material and substantial disruption of the community or invasion of the rights of others.... Or the city may reasonably prohibit kinds or degrees of sound amplification that are clearly incompatible with the normal activity of certain locations at certain times.... But the city may not broadly prohibit reasonably amplified speech merely because of an undifferentiated fear that disruption might sometimes result. When First Amendment freedoms are involved, the city may protect its legitimate interests only with precision." (Citations omitted.)
631 F.2d at 388.
For the reasons stated above, we find that that portion of the City of Gulf Shores' ordinance No. 361 under which the appellants were charged and convicted is unconstitutional as drafted. Therefore, the convictions are due to be, and they are hereby, reversed, and a judgment is rendered in favor of each defendant.
*324 REVERSED AND JUDGMENT RENDERED.
TAYLOR, P.J., and BOWEN and McMILLAN, JJ., concur.
TYSON, J., concurs in result only.

ON APPLICATION FOR REHEARING
PATTERSON, Judge.
Appellee, City of Gulf Shores, applies for rehearing in this case, claiming that we failed to adequately focus our review on the nature of the activity sought to be prohibited and inappropriately applied the constitutional doctrine of overbreadth to a form of commercial speech not protected by the constitution. We have considered the application for rehearing, along with the appellee's brief in support thereof, as well as the appellants' brief, and we find no merit to the appellee's contention; we adhere to the conclusion reached in our original opinion.
We do not agree with appellee's contention that the activity sought to be prohibited here is commercial speech. Commercial speech is defined as speech of any form that advertises a product or service for profit or for business purposes. Black's Law Dictionary 245 (rev. 5th ed. 1979); 3 R. Rotunda, J. Nowak, J. Young, Treatise on Constitutional Law: Substance and Procedure § 20.26 (1986). Clearly, the appellants' activity was not concerned with advertising a product or service in the instant case. Because we have concluded that commercial speech is not involved in this case, it is not necessary to address the question of whether the constitutional doctrine of overbreadth applies to commercial speech; however, even though we do not address this question, we wish to make it clear that we do not necessarily agree that the doctrine never applies in commercial speech cases. 3 R. Rotunda, J. Nowak, J. Young, supra, §§ 20.26-20.31. "The right to engage in a chosen business, occupation, or profession without unreasonable governmental interference or deprivation thereof is a liberty and property right which is protected by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as by similar provisions in state constitutions." 16D C.J.S. Constitutional Law § 1319 (1985).
We believe that the operation of the nightclub by appellants in this case is a type of activity protected by the First, Fifth, and Fourteenth Amendments of the United States Constitution. See Leary v. Adams, 226 Ala. 472, 147 So. 391 (1933); Pierce v. Incorporated Town of LaPorte City, 259 Iowa 1120, 146 N.W.2d 907 (1966); People v. Walter, 106 Misc.2d 359, 431 N.Y.S.2d 776 (N.Y.City Crim.Ct.1980); 16A C.J.S., supra, §§ 460 and 508. Our examination of the ordinance in this case, in the light of the constitutional provisions referred to above, leads us to the conclusion that the ordinance is unconstitutional because it imposes unnecessary and unreasonable restrictions upon the use of private property or the pursuit of legitimate activities. The prohibition of any sounds or vibrations emitting from the premises has the effect of depriving the owner of a legitimate use of his property. The ordinance offends the First, Fifth, and Fourteenth Amendments of the United States Constitution.
The appellee relies upon City of Philadelphia v. Cohen, 84 Pa.Cmwlth. 200, 479 A.2d 32 (1984); however, we find that case to be distinguishable from the case at bar.
We are aware that the striking down of an ordinance by application of the overbreadth doctrine in First Amendment cases is "strong medicine," and that attempts have been made to place limits on it. See Broadrick v. Oklahoma, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). In reviewing the instant case in the light of Broadrick v. Oklahoma, we find the ordinance, on its face, to be substantially overbroad. It is our view that the ordinance is so overbroad that there is no legitimate area of operation left existing which would justify a case-by-case analysis of the application of the ordinance. Broadrick v. Oklahoma. See also New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); City of Philadelphia v. Cohen. It is facially unconstitutional in toto.
*325 The application for rehearing is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
All Judges concur.