MONTIEL, Judge.
The appellant, Gregg Campa, appeals from his conviction for violating an anti-noise provision of the municipal code of the City of Birmingham, § 11—8—21(b)(8)a. The appellant was convicted in the municipal court of Birmingham and he appealed to the Circuit Court of Jefferson County for trial de novo. He was again found guilty and fined $10 plus court costs.
The facts tend to show the following. The appellant operates the Cafe de Ville in Birmingham, Alabama. On October 24,1991, at approximately 9:00 p.m. the Birmingham police received complaints concerning noise coming from the cafe. A police officer went to the cafe and found a stage set up in the back of the cafe. On the stage, sound equipment was being tested for use by a band. The officer told the appellant to turn down the volume; he did not. The appellant was cited for violating the anti-noise provision.
The appellant argues that the portion of the ordinance under which he was convicted is unconstitutional because, he says, it is overly broad. Because of the alleged over- *918 breadth of the provision, the appellant ar-. gues, his due process rights have been violated. We agree.
The ordinance under which the appellant was charged provides, in part:
“Sec. 11-8-21. Illegal noises generally,
“(a) No person shall make, continue or cause to be made or continued any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others in the city. It shall also be unlawful and a nuisance for any person to permit any such noise to be made in or upon any house or premises owned or possessed by him or under his management or control.
“(b) The following acts, and the causing thereof, are declared to be in violation of this section; but such enumeration shall not be deemed to be exclusive:
“(8) Radios, phonographs, television sets, musical instruments, etc.
a. Operating, playing or permitting the operation or playing of any radio, television, phonograph, musical instrument, sound amplifier, or similar -devise which produces, reproduces or amplifies sound in such a manner as to disturb the peace, quiet and comfort of the neighboring inhabitants or at any time with louder volume than is necessary for convenient hearing for the person or persons who are in the room, vehicle or chamber or on premises in which such machine or device is operated and who are voluntary listeners thereto.”
The appellant asserts that § 11-8-21(b)(8)a. is overly broad because the provision fails to include a specific time frame within which it applies, fails to specify the level of sound required to violate the provision, and fails to take into account the proximity of the sound to the “neighboring inhabitants” or the actual impact on those inhabit ants. Thus, the appellant argues, the restrictions imposed by the provision are not reasonable time, place, and manner restrictions.
When a statute, regulation, or ordinance is overly broad, the application of that statute, regulation or ordinance violates an individual’s constitutional right to due process. Moore v. City of Gulf Shores, 542 So.2d 322, 323 (Ala.Crim.App.1988) (citing Ross Neely Express, Inc. v. Alabama Department of Environmental Management, 437 So.2d 82, 84 (Ala.1983). In Moore, this Court agreed with the appellant that an anti-noise ordinance similar to the one in this case was overly broad because it did not make reference to a specific time frame, the level of the sound, the proximity to the residential district, or the actual impact on the residents. Id. at 323. This Court stated:
“The instant ordinance, while addressing a matter well within the city’s police power, is drafted too broadly to be upheld.... While there can be no doubt that the peace and tranquility of one’s home is an important interest, deserving protection, it is essential that such protection be narrowly drawm and applied so as to minimize its infringement on First Amendment freedoms. ... The prohibition of sound at any volume and at any time restricts the activities of property owners beyond the point necessary to accomplish the objective for which the ordinance was created.”
We note that other provisions of § 11-8-21 of the municipal code, relating to noise, impose specific time, place, and manner restrictions. For example, construction operations, operation of tools and equipment, and yelling and shouting, are all prohibited by the code, but only in designated areas and during specified hours. The provision of the code that the appellant challenges, i.e., § 11-8-21(b)(8)a., is not as narrowly phrased as these provisions.
The appellee argues that the ordinance is sufficiently narrow because, the appellee says, subsection (d) lists the factors to be considered in determining whether a sound violates the provision. Some of the factors to be considered are the volume of the noise, the intensity of the noise, and whether the noise is usual or unusual for the time and place at which it occurs. However, the factors set forth in subsection (d) are equally as broad as the provision in dispute here. The *919 factors do not limit the application of the anti-noise provision to a specific time frame, a specific place, or a specific manner in which sound can be emitted.
Certainly, the peace and enjoyment of one’s home is an interest deserving protection and the City of Birmingham should take measures to protect that interest. The need for reasonable protection from disturbing noises justifies an anti-noise ordinance. However, that ordinance must be narrowly drafted to avoid unnecessarily restricting competing First Amendment freedoms. See Grayned v. City of Rockford, 408 U.S. 104, 116-7, 92 S.Ct. 2294, 2304, 33 L.Ed.2d 222 (1972) (regulation restricting communication must be narrowly drafted to further the interest sought to be protected).
We hold that § 11-8-21 (b)(8)a. is unduly restrictive because the only restriction it places on the offending sounds is that they not “disturb the peace, qiiiet and comfort of neighboring inhabitants.” We suggest that a more narrowly tailored anti-noise ordinance prohibiting or limiting unwarranted intrusions into the homes of the city residents be drafted that specifies the decibels above which the sound is prohibited and/or the hours at which time sounds above certain decibels are prohibited. See Saia v. New York, 334 U.S. 558, 562, 68 S.Ct. 1148, 1150-51, 92 L.Ed. 1574 (1948). Therefore, we hold that § ll-21-8(b)(8)a., as presently drafted, is unconstitutional.
The appellant raises other issues on appeal. However, in light of our holding, these other issues need not be addressed. The appellant’s conviction is hereby reversed, and a judgment is rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.