The appellant, Eddie Lee Moore, pled guilty to a charge of operating his car radio at a level that was plainly audible at a distance of five feet, a violation of § 27-6(a), Montgomery Municipal Code. He was fined $100 and was ordered to pay court costs.
The appellant moved to dismiss the charges against him, arguing that the Montgomery noise ordinance is unconstitutionally vague and overbroad. The trial court denied the motion. The appellant reserved the right to appeal this issue, and this appeal followed.
The Montgomery noise ordinance provides:
 "Scope: It shall be unlawful for any person to make, continue, or cause to be made or continued any loud or excessive noise which unreasonably interferes with the comfort, health, or safety of others within the jurisdiction of the city.
 "In addition to the general prohibition set out above, the following specific acts are declared to be in violation of this article:
 "Section 27-6.
 "(a) It is hereby declared a nuisance and shall be unlawful to operate or play any radio, musical instrument, or similar device, whether from a motor vehicle or by a pedestrian, in such a manner as to be plainly audible to any person other than the player or operator of the device at a distance of five feet (5') in the case of a motor vehicle or ten feet (10') in the case of a pedestrian.
 "(b) It is hereby declared a nuisance and shall be unlawful to operate or play any radio, television, phonograph, musical instrument, or similar device which produces or reproduces sound, whether from a business or a residence, in such a manner as to be plainly audible at a distance of fifty (50') feet to any person in a commercial, residential, multi-family dwelling, or public place.
 "(c) Violation of this section shall be a violation and punishable by a fine not to exceed five hundred dollars ($500.00).
 "(d) Nothing in this section shall be construed to prohibit special performances by a band or orchestra in a hall, building, or in the open air after proper permits have been obtained from the Chief of Police.
 "(e) Nothing in this section shall be construed to prohibit the ringing of bells or chimes by churches within the city.
 "(f) Nothing in this section shall be construed to prohibit any noises or sounds produced by radios, sirens, or other equipment attached to, or being operated by, any police, fire, rescue, or other emergency vehicles or personnel.
 "(g) Nothing in this section shall be construed to prohibit the conducting of live remote broadcasts by duly licensed radio stations upon business premises, at the request of the owner of the business. Said live remote broadcasts shall be limited to daylight hours only.
 "(h) Each violation shall be a separate offense."
It is well established that noise ordinances address a matter that is "well within [a] city's police power." Moore v. Cityof Gulf Shores, 542 So.2d 322, 323 (Ala.Cr.App. 1988). However, a statute that is unduly *Page 1032 
vague, unreasonable, or overbroad violates an individual's right to due process. Id.
First, the appellant argues that § 27.6(a) of the Montgomery noise ordinance is unconstitutionally vague. "To withstand a challenge of vagueness, a statute must: 1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, and, 2) provide explicit standards to those who apply the laws." Culbreath v. State, 667 So.2d 156,158 (Ala.Cr.App. 1995) (citing Grayned v. Cityof Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222
(1972)).
The distance standards in the Montgomery noise ordinance define what constitutes a violation of the ordinance with sufficient detail to put a person of ordinary intelligence on notice of what conduct is prohibited. The appellant argues that the ordinance is vague because it does not distinguish what part of the music (such as bass, treble, or lyrics) must be plainly audible. Clearly, the statute prohibits any sound coming from a device that is plainly audible at the proscribed distance. The appellant also argues that the ordinance is vague because it does not specify whether the noise must be plainly audible to someone of exceptional, average, or poor hearing. However, the statute specifically provides that a violation occurs if the music is plainly audible to any person.
Furthermore, the distance standards also provide explicit guidelines to those charged with enforcing the ordinance. If a law enforcement officer can hear sounds from a musical device at the proscribed distance, then the ordinance has been violated.
Based on the foregoing, we conclude that § 27.6(a) of the Montgomery Municipal Code is not unconstitutionally vague.
Next, the appellant argues that the Montgomery noise ordinance is unconstitutionally broad. When determining whether a statute or ordinance is overbroad, this court has stated:
 "`Statutes and regulations are void for overbreadth if their object is achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.' [Ross Neely Express, Inc. v. Alabama Department of Environmental Management, 437 So.2d 82, 85 (Ala. 1983).] Music and other forms of live entertainment fall within these protected freedoms."
Moore v. City of Gulf Shores, 542 So.2d 322, 323
(Ala.Cr.App. 1988). When examining the constitutionality of these statutes, this court has "`the task of balancing the legitimate community interests protected by such statutes against the infringement of First Amendment rights. . . .'" Moore,542 So.2d at 323 (quoting Reeves v. McConn,631 F.2d 377, 382 (5th Cir. 1980)).
The appellant relies heavily on Duffy v. City ofMobile, 709 So.2d 77 (Ala.Cr.App.), cert. denied,709 So.2d 82 (Ala.Cr.App. 1997), to support his argument that the Montgomery noise ordinance is unconstitutionally broad. InDuffy, we held that Mobile's anti-noise ordinance was unconstitutional because it regulated "constitutionally protected speech more broadly than necessary to achieve the governmental interest in regulating noise." Although the Montgomery ordinance and the ordinance in Duffy are similar in that both rely on distance standards to determine whether a violation of the ordinance has occurred, there is also a crucial difference between the two ordinances. The noise ordinance in Duffy specifically included the amplification of the human voice, as well as yelling, shouting, singing, whistling, and hooting. However, the challenged portion of the Montgomery noise ordinance covers only noise coming from radios, musical instruments, and similar devices. Therefore, the prohibitions in § 27.6(a), Montgomery Municipal Code, are not as broad and sweeping as those found in the Mobile ordinance. Furthermore, the breadth of the ordinance is not unreasonable even though it does not limit its application to certain times or to certain areas. Many cities, such as Montgomery, do not have a definite separation between residential and commercial districts. Drafting time limitations that attempt to distinguish between residential and commercial districts would be nearly impossible and would result in arbitrary classifications. Furthermore, the overlap between residential and commercial districts could lead to arbitrary enforcement when it is unclear *Page 1033 
whether an area is actually residential or commercial.
Based on the foregoing, the Montgomery noise ordinance is not unconstitutionally overbroad.
The appellant also argues that there is no rational basis for many of the distinctions found in the statute. This argument is raised for the first time on appeal. It is well established that this court will not consider issues that have not been presented to the trial court. See Clay v. State, 687 So.2d 1245,1250 (Ala.Cr.App. 1996); Rowe v. State, 662 So.2d 1227
(Ala.Cr.App. 1995). Therefore, this argument is not properly before this court.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.