[Cite as *State v. Brownfield*, 2013-Ohio-1947.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :

                                      :

    - vs -                                            :

                                        :

ZACHARY BROWNFIELD,                      :

    Defendant-Appellant.                    :

CASE NO. CA2012-03-065

O P I N I O N
5/13/2013

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CRB1001316

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Gudorf Law Group, LLC, Ted G. Gudorf, 8141 North Main Street, Dayton, Ohio 45415, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Zachary Brownfield, appeals from a Butler County Common Pleas Court decision finding him guilty of violating a city of Oxford noise restriction ordinance. For the reasons outlined below, we affirm.

{¶ 2} On September 17, 2010, a city of Oxford police officer heard loud music emanating from a house located at 118 East Sycamore Street. As he approached in his

unmarked police car, the officer noticed a large number of people outside in the yard and standing on the porch drinking from cans and plastic cups. When the officer stopped and turned on his strobe lights, someone went inside the residence and turned off the music. Approximately ten minutes later, as the officer was heading back towards 118 East Sycamore Street when he was at least 300 feet away, he heard music emanating once again from the residence. When the officer stopped for the second time, Brownfield came out to the car and stated that he was a person who lived at the residence and was responsible for the party. The officer cited Brownfield for violating Oxford Codified Ordinance 509.10(a)(4).

{¶ 3} On January 13, 2011, Brownfield filed a motion to dismiss, alleging that the ordinance he was charged under was unconstitutional. The trial court denied Brownfield's motion and found the ordinance constitutional. On February 16, 2012, a bench trial was held whereby Brownfield was found guilty of violating Oxford Codified Ordinance 509.10(a)(4) and ordered to pay a $25 fine and court costs. The fine was stayed pending appeal. Brownfield now appeals and alleges one assignment of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT PREJUDICIALLY ERRED IN DENYING [BROWNFIELD'S] MOTION TO DISMISS BECAUSE OXFORD CODIFIED ORDINANCE § 509.10(a)(4) IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD, INVITES ARBITRARY ENFORCEMENT, AND IMPINGES FREE SPEECH RIGHTS.

{¶ 6} Within his assignment of error, Brownfield presents two issues for review. In the first issue, Brownfield argues that use of the phrase "plainly audible" in Oxford Codified Ordinance 509.10(a)(4) renders the ordinance unconstitutionally vague and overbroad. Brownfield argues that the ordinance is unconstitutionally vague because it fails to provide fair notice to a person of ordinary intelligence of what is prohibited and invites arbitrary enforcement. Brownfield argues that the ordinance is unconstitutionally overbroad because it

encompasses more speech than necessary and produces a "chilling effect" on protected speech. In the second issue, Brownfield argues that Oxford Codified Ordinance 509.10(a)(4) is an impermissible content-based restriction on the freedom of expression outlined in the First Amendment to the United States Constitution.

{¶ 7} Oxford Codified Ordinance 509.10(a)(4) provides:

No person shall:

* * *

Televisions, Radios, Electronic Sound Devices, Electronic Music Devices, and Musical and Sound Instruments. Use, operate or permit to be played, used or operated any television, radio receiving set, musical instrument, electronic sound device, electronic music device, or other machine or device for the producing or reproducing of sound in such manner as to disturb the peace, quiet, and comfort of the neighboring inhabitants or at any time with louder volume than is reasonably necessary for convenient hearing for the person or persons who are in the room, vehicle, or chamber in which such machine or device is operated and who are voluntary listeners thereto. The operation of any such radio set, musical instrument, or other machine or sound device in such a manner as to be *plainly audible* at a distance of twenty-five feet from the vehicle or at a distance of twenty-five feet from the lot upon which the building or structure is located shall be a violation of this section.

(Emphasis added.)

{¶ 8} All legislative enactments, whether of a municipality or state, enjoy a strong presumption of validity. *Cahill v. Lewisburg*, 79 Ohio App.3d 109, 117 (12th Dist.1992), citing *Benevolent Assn. v. Parma*, 61 Ohio St.2d 375, 377 (1980). Consequently, the party asserting that a legislative enactment is unconstitutional must prove that the legislative enactment is unconstitutional beyond a reasonable doubt in order to prevail. *State v. Hendrix*, 144 Ohio App.3d 328, 332 (12th Dist.2001), citing *State v. Collier*, 62 Ohio St.3d 267, 269 (1991). Here, the trial court found that Brownfield failed to meet this burden and found that the ordinance was in fact constitutional.

{¶ 9}    Upon review, the decision as to whether a statute or ordinance is constitutional presents a question of law. *Wilson v. AC&S, Inc.*, 169 Ohio App.3d 720, 2006-Ohio-6704, ¶ 61 (12th Dist.), citing *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, ¶ 11 (1st Dist.).   Accordingly, an appellate court reviews questions of law de novo, without deference to the trial court's decision. *Id.*

{¶ 10}  Brownfield first attacks the constitutionality of the ordinance by arguing that it is unconstitutionally vague.  Specifically, he argues that the failure to include a definition of the term "plainly audible" renders the ordinance unconstitutionally vague because it does not provide fair notice to a person of ordinary intelligence of what is prohibited by the ordinance and "virtually guarantees" arbitrary enforcement.  We disagree.

{¶ 11}  A strong presumption of the constitutionality of statutes or ordinances exists. "[C]ourts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional." *State v. Dorso*, 4 Ohio St.3d 60, 61 (1983), citing *State v. Sinito*, 43 Ohio St.2d 98, 101 (1975).  Furthermore, when a statute is challenged on the basis of vagueness, if a general class of offenses "can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction." *Dorso* at 61, quoting *United States v. Harriss*, 347 U.S. 612, 618, 74 S.Ct. 808 (1954).

{¶ 12}  The party asserting that a statute or ordinance is unconstitutionally vague must establish that "upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991).  Additionally, in order to defeat an allegation of vagueness, a law must contain explicit standards as guidance for those who apply them, thereby preventing arbitrary and discriminatory enforcement. *Kelleys Island v. Joyce*, 146 Ohio App.3d 92, 98 (6th Dist.2001), citing *Grayned v. Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294 (1972).

{¶ 13} Just because a statute or ordinance could have been more precisely worded does not necessarily mean the statute or ordinance is void for vagueness. *Roth v. United States*, 354 U.S. 476, 491, 77 S.Ct. 1304 (1957). "Many statutes will have some inherent vagueness, for '[i]n most English words and phrases there lurk uncertainties.'" *Rose v. Locke*, 423 U.S. 48, 49-50, 96 S.Ct. 243 (1975), quoting *Robinson v. United States*, 324 U.S. 282, 286, 65 S.Ct. 666 (1945). Every word in an enactment need not be defined, and any undefined term will be given its common, everyday meaning. *Dorso* at 62.

{¶ 14} According to Webster's Dictionary, "plainly" is defined as "in a plain manner * * * with clarity of perception or comprehension: DISTINCTLY, CLEARLY." (Emphasis sic.) *Webster's Third New International Dictionary* 1729 (1981). Furthermore, "audible" is defined as "capable of being heard" or "actually heard." *Webster's Third New International Dictionary* 142 (1981). Essentially, the common meaning of "plainly audible" is clearly or distinctly heard. Additionally, courts consistently impose reasonableness standards on noise ordinances so "'the ordinance does not permit the imposition of criminal liability upon a party whose conduct disturbs only the hypersensitive.'" *State v. Adams*, 7th Dist. No. 02CA171, 2004-Ohio-3199, ¶ 43, quoting *Dorso* at 64.

{¶ 15} In *State v. Boggs*, 1st Dist. No. C-980640, 1999 WL 420108 (June 25, 1999), the First District Court of Appeals found an ordinance constitutional that prohibited noise "emanating from a motor vehicle which is plainly audible at a distance of 50 feet from the motor vehicle." *Id.* at *1. The First District found that the distance requirement provided an objective guideline to clarify the nature of the violation. *Id.* at *3. Furthermore, other states have found that "plainly audible" or similar language provides persons of ordinary intelligence fair notice of what is prohibited by an ordinance, even if not expressly defined by the ordinance. *See State v. Catalano*, 104 So.3d 1069 (Fla.2012); *Moore v. City of Montgomery*, 720 So.2d 1030 (Ala.App.1998); *Davis v. State*, 272 Ga. 818, 820, 537 S.E.2d 327 (2000).

{¶ 16} In this instance, the ordinance does not define "plainly audible." As noted above, "clearly heard" is the common definition of "plainly audible." Like *Boggs*, the length requirement provides an objective guideline to clarify the nature of the violation. The distance requirement of 25 feet is easily testable by walking 25 feet from the property line to determine whether the sound can be clearly heard. If so, one can turn the volume down. Even without including an actual definition of "plainly audible," the ordinance provides a person of ordinary intelligence an understanding of what is prohibited by law. Furthermore, a reasonableness standard is imposed alleviating the issue of the variation of a person's hearing ability. Both the objective nature of the distance requirement and imposition of a reasonableness standard provide guidance to those enforcing the ordinance, thereby preventing arbitrary enforcement. Consequently, we do not find that the use of the phrase "plainly audible" renders Oxford Codified Ordinance 509.10(a)(4) unconstitutionally vague.

{¶ 17} Next, Brownfield argues that the ordinance is overbroad because it reaches substantially more speech than necessary, causing a "chilling effect." Brownfield also asserts the ordinance constitutes a content-based restriction on the freedom of expression. We disagree.

{¶ 18} The overbreadth doctrine is only applied when First Amendment rights are at stake. *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 528 (1999). The Ohio Supreme Court has held that "the free speech guarantees accorded by the Ohio Constitution are no broader than the First Amendment, and that the First Amendment is the proper basis for interpretation of Section 11, Article I of the Ohio Constitution." *Eastwood Mall, Inc. v. Slanco*, 68 Ohio St.3d 221, 222 (1994). The First Amendment to the United States Constitution states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; *or abridging the freedom of speech*, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of

grievances." (Emphasis added.) Music is a form of expression that is protected under the First Amendment. *Ward v. Rock Against Racism*, 491 U.S. 781, 790, 109 S.Ct. 2746 (1989).

{¶ 19} A statute or ordinance may be overbroad, "if in its reach it prohibits constitutionally protected conduct." *Grayned v. Rockford*, 408 U.S. 104, 114, 92 S.Ct. 2294 (1972). The ordinance must not sweep within its prohibitions a substantial amount of conduct that may not be punished under the First Amendment. *Id.* at 115. In engaging in an overbreadth analysis, it is essential to inquire whether First Amendment rights are impermissibly curtailed by the ordinance. *Adams*, 7th Dist. No. 02CA171, 2004-Ohio-3199, at ¶ 17, 22. Municipal authority to regulate noise has specifically been granted by statute, and such restrictions are generally permissible as time, place, and manner restrictions. R.C. 715.49(A); *Adams* at ¶ 22. In order for an ordinance to be a permissible time, place, and manner restriction, it must be content-neutral, narrowly tailored to serve a significant government interest, and leave "'open ample alternative channels for communication of the information.'" *Ward* at 791, quoting *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293, 104 S.Ct. 3065 (1984).

{¶ 20} The principal inquiry to determine whether an ordinance is content-neutral "is whether the government has adopted a regulation of speech because of disagreement with the message it conveys." *Ward* at 791. Such regulation of expressive activity is content neutral so long as it is "justified without reference to the content of the regulated speech." *Clark* at 293. The purpose of the government is paramount. *Ward* at 791. "A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others." *Id.*

{¶ 21} Brownfield argues that the ordinance in this case is a content-based restriction because vendors of ice cream are not subject to noise restrictions. Brownfield relies on *People v. Jones*, 188 Ill.2d 352 (1999). In *Jones*, the Illinois Supreme Court held that a noise

ordinance which excepted "vehicles engaged in advertising" violated the First Amendment. *Id.* at 355. The Illinois Supreme Court reasoned that because the ordinance failed to treat types of speech, such as music, political speech, and advertising equally, it was a content-based restriction. *Id.* at 360-361.

{¶ 22} Unlike *Jones*, however, the ordinance in the case at bar does not allow broad exceptions for advertising. In addition to an exception for vendors of ice cream, such as ice cream trucks, several other exceptions to the ordinance exist under Oxford Codified Ordinance 509.11, including an exception for emergency vehicles, the need to use sound to warn others, and those who had obtained approval from the city. These exceptions point to the purpose of safety, which is unrelated to the content of the message. As a result, we find that the ordinance is content-neutral.

{¶ 23} Furthermore, the ordinance meets the remainder of the requirements to qualify as a permissible time, place, and manner restriction. The ordinance serves substantial government interests of ensuring safety and controlling noise. *See, e.g., Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507-08, 101 S.Ct. 2882 (1981); *Adams*, 7th Dist. No. 02CA171, 2004-Ohio-3199 at ¶ 28; *Ward* at 796. Additionally, the ordinance prohibits sounds that are plainly audible from a distance of 25 feet from either a vehicle or from the lot from which the sound is emanating. The city provides exceptions, including exceptions for emergency vehicles, ice cream vendors, and other sounds used to warn others, in order to promote safety. The distance requirement and exceptions narrow the scope of the restriction. Finally, ample alternative channels of communication exist because the ordinance only limits the volume and does not limit the quantity and content of the expression. Accordingly, we find that the ordinance is a content-neutral regulation that is narrowly tailored to achieve substantial government interests and leaves open alternative channels of communication. As the ordinance is narrow in the scope of its restriction, we

also find that it does not impermissibly curtail First Amendment rights. Consequently, the ordinance is not unconstitutionally overbroad.

{¶ 24} Because Oxford Codified Ordinance 509.10(a)(4) is not vague, does not invite arbitrary enforcement, and is not overbroad as to impermissibly curtail First Amendment rights, we find the ordinance constitutional. Brownfield's sole assignment of error is overruled.

{¶ 25} Judgment affirmed.

HENDRICKSON, P.J. and PIPER, J., concur.