185 So.2d 386

**Richard F. REYNOLDS, Chief Building Inspector,**

v.

**VULCAN MATERIALS COMPANY.**

**8 Div. 180.**

.Supreme Court of Alabama.

April 15, 1966.

Chas. H. Younger and Chas. C. King, Huntsville, for appellant.

Lanier, Price, Shaver & Lanier, Huntsville, for appellee.

GOODWYN, Justice.

Appeal by the respondent below, the chief building inspector of the City of Huntsville, from a judgment ordering the issuance of a peremptory writ of mandamus directing him to issue to Vulcan Materials Company, petitioner below and appellee here, a building permit for the construction of a rock crusher plant in the police jurisdiction of the City. Our conclusion is that the judgment is due to be affirmed.

Vulcan leased the site for its rock crusher plant on January 9, 1964, after doing considerable exploratory work.

On April 15, 1964, Vulcan applied to appellant for a building permit for its plant. The application was denied the next day solely because of Ordinance No. 64–30, adopted by the City on February 13, 1964, providing as follows:

"(1) It shall be unlawful hereafter for any person, firm or corporation to establish, construct, erect, build, or set up an asphalt plant, rock crusher, or quarry within the city limits of the City of Huntsville or the police jurisdiction thereof.

"(2) It shall be unlawful hereafter for any person, firm or corporation to expand, extend, or increase the scope of operation of any asphalt plant, rock crusher, or quarry in existence at the time of passage of this ordinance with-

in the city limits of the City of Huntsville or the police jurisdiction thereof.

"(3) In addition to the general penalty provisions of the Code of Ordinances of the City of Huntsville, violators of this ordinance shall be subject to the sanctions of law for the abatement of nuisances to the public health, convenience, and welfare."

On April 21, 1964, Vulcan filed its petition for mandamus charging the invalidity of Ordinance No. 64–30.

On June 17, 1964, the trial court held the ordinance to be invalid and granted the peremptory writ.

On June 18, 1964, appellant issued the building permit to Vulcan and Vulcan proceeded with construction of its plant. This appeal was taken the following July 1st.

The question which goes to the heart of the case, the resolvement of which will be dispositive of this appeal, concerns the validity of Ordinance No. 64–30. Accordingly, we put aside other questions, including appellee's motion to dismiss the appeal on the ground of mootness.

We agree with the trial court's finding that Ordinance No. 64–30 "is arbitrary, unreasonable, unconstitutional and void in that it completely prohibits a business not shown to be a nuisance per se and is an arbitrary and unwarranted limitation upon the lawful use and enjoyment of private property in that it prohibits a business entirely rather than regulating the method of operation of such business."

In this case, we are not concerned with a zoning ordinance. Nor are we dealing with an undertaking or operation which constitutes a nuisance per se. Instead, we have here a business which is basically lawful. As to this, there is no dispute. Yet, the ordinance makes such business altogether unlawful.

Of course, a rock crusher plant might be operated so as to constitute a nuisance, depending upon a number of factors. But that is not this case. Here, the carrying on of a lawful business is completely prohibited. This is quite different from regulating the manner of operating such business.

It is our view that the ordinance, in outlawing a lawful business altogether, is patently arbitrary and that, for this reason, aside from any other, it is unconstitutional and void, as found by the trial court.

" * * * [A]ny ordinance placing restrictions upon common rights, lawful conduct, or the lawful use of property, must, in order to be valid, specify the rules and conditions to be observed in such conduct or business, and must admit of the exercise of the privilege by all citizens alike, who will comply with such rules and conditions, and must not admit of the exercise, or of the opportunity for the exercise, of any arbitrary discrimination by municipal authorities between citizens who will comply." Thompson v. Wingard, 250 Ala. 390, 391, 34 So.2d 606, 607.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.