217 So.2d 246

Stephen D. WATSON et al.

v.

James D. NORRIS, Zoning Administrator, et al.

6 Div. 531.

Supreme Court of Alabama.

Nov. 21, 1968.

Rehearing Denied Jan. 16, 1969.

Douglas Arant, Romaine S. Scott, Jr., John H. Morrow and Bradley, Arant, Rose & White, Birmingham, for appellants.

Maurice F. Bishop, Birmingham, for appellee.

Windham, Perdue, Johnson & Bryan, Birmingham, amici curiae, in support of the judgment.

HARWOOD, Justice.

Stephen D. Watson and Dorothy L. Watson are the owners of land in Jefferson County. This land has previously been zoned as A–1 Agriculture District. In March 1967, the Watsons executed to Vulcan Materials Company an option to purchase this land.

The Zoning Resolution passed by the Jefferson County Planning Commission with respect to uses permitted of property zoned A–1 provides in part that a "building or premises shall be used only for the following purposes: 13. Removal of chert, gravel, stone, clay, coal, iron and other ores."

The Zoning Resolution further provides in Section 2(c) that:

"* * * upon proper application, supported by the necessary and substantiating facts and figures, the Building Commissioner (or his office staff) shall issue a building permit or use permit."

Use of the property in question under the zoning classification for the removal of chert, gravel, stone, etc., is prohibited under the Zoning Resolution until a use permit is obtained.

On 8 June 1967, the Watsons and Vulcan Materials Company filed with James D. Norris, the Zoning Administrator, an application for a use permit authorizing the use of the property in question for the "removal of chert, gravel, stone, clay, coal, iron, and other ores."

Substantiating facts and figures accompanied the application.

On 21 June 1967, the Zoning Administrator denied the application, the letter of denial reading:

"Your application for a use permit for 'removal of chert, gravel, stone, clay, coal, iron and other ores' from the above captioned property as permitted and authorized by Item 13 of Paragraph II of Section 10 of the Jefferson County Zoning Resolution is respectfully denied.

"This denial is based on accepted departmental rulings for many years that the above quoted provisions of Section 10 apply to the temporary removal of the listed items and not to a permanent quarrying operation as you indicated would result if this use permit was granted. The proposed operation as described by your representatives should come under provisions of Item 1 Paragraph II Section 19 of said Zoning Resolution, to-wit: 'Mining, quarrying, extracting, or other removal by open pit, strip, shaft, slope, drift, or any other method of all mineral or other earth products of every kind.'

"If you do not concur in this action you may appeal to the Board of Zoning Adjustment for further consideration.

"If I may be of further assistance to you in this, or any other zoning matter, do not hesitate to contact me."

On 28 August 1967, the Watsons and Vulcan filed their petition for a writ of mandamus directing James E. Morris, as Zoning Administrator of the Jefferson County Planning and Zoning Commission, to withdraw his denial of the use permit, and to issue to complainants a permit in accordance with their application for the use permit. By amendment, the prayer of the bill was enlarged to pray that should respondent fail to withdraw his denial of the use permit and to issue such permit to complainants, and should he fail to show cause why such action should not be taken, the issuance of a peremptory writ was requested.

The respondent filed a demurrer to the petition containing some ten grounds. Several of the grounds are to the effect that the petitioners have an adequate remedy by appeal to the Board of Zoning Adjustment, and that petitioners had not exhausted their administrative remedies by appeal from the action of the respondent denying the use application.

The Chancellor sustained the demurrer, and on motion of complainants granted a non-suit, and dismissed the cause with leave to appeal.

The material question presented, the answer to which will be dispositive of this appeal, is whether the appellants, by not appealing the decision of the Zoning Administrator to the Board of Zoning Adjustment, failed to exhaust their administrative remedy before seeking relief in the Circuit Court.

Counsel for appellants in brief state that the Zoning Resolution establishing the zoning laws provides, as to the Board of Zoning Adjustment, that such Board shall have the following powers:

"(1) to hear and decide appeals where it is alleged there is any error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this resolution; (2) to hear and decide special exceptions to the terms of this resolution upon which such Board is required by law to pass; (3) to authorize upon appeal in specific cases such variance from the terms of this resolution as will not be contrary to the public interests."

It is appellants' contention that since the use application filed by the appellants with the Zoning Administrator was in the language of the Zoning Resolution in respect to use of property zoned A–1, i. e., "Removal of chert, gravel, stone, clay, coal, iron and other ores," the respondent Zoning Administrator could not have properly denied the permit, and such denial raises a legal question only. This being so, says counsel for appellants, mandamus should be available without resort to an administrative remedy which would be ineffective under the circumstances.

■ We are not in accord with appellants' contention that a legal question only was involved in the decision of the Zoning Administrator.

The Administrator states in his letter of denial that the same was based on accepted departmental rulings that Item 13 of Paragraph II of Section 10, applies to temporary removal only. This, argue appellants, is an amendment by the Administrator of Section 10, in that the use specified therein is not limited to temporary removal of chert, ores, etc.

However, the Administrator further states in his letter of denial:

"The proposed operation *as described by your representatives* should come under the provisions of Item 1, Paragraph 11, Section 19, of said Zoning Resolution." (Pertaining to mining, quarrying, etc.) (Emphasis ours.)

The Administrator was therefore not construing the Zoning Resolution, but was using his discretion in determining the facts, as described by representatives of the appellants, and the applicability of facts to the

appropriate provisions of the Zoning Resolution.

■ The question of whether the power exists in the Administrator to deny a use permit of a particular kind is not to be determined by a mere reading of the Zoning Resolution, but by consideration of the proposed use in connection with all the circumstances and results as the same might affect the general locality and public interest. See Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; King v. Kendrick, 265 Ala. 160, 90 So.2d 88. The matter of location frequently becomes of controlling importance in granting or denying a use application. Fletcher v. Barnard, 222 Ala. 380, 133 So. 29.

■ The doctrine of *Ambler,* supra, is to the effect that if one attacks an ordinance in its entirety on constitutional grounds, then he may go directly to the courts without resort to administrative remedies, since an ordinance invalid in toto constitutes a present invasion of his rights. An administrative body has no power to declare an ordinance unconstitutional. See in accord Reynolds v. Vulcan Materials Co., 279 Ala. 363, 185 So.2d 386.

On the other hand, it seems to be the doctrine of the heavy preponderance of the decisions, both state and federal, that where a complainant attacks the constitutionality or reasonableness of specific provisions of a zoning ordinance as it applies to a particular property, he must exhaust the available administrative remedies before resorting to court action. For a full analysis of the above doctrine, together with the authorities in support thereof, we refer interested parties to Metzenbaum, Law of Zoning, 2nd Ed., Vol. 1, Chapter IX–e(1) and (2). See also Davis, Administrative Law Text, Chapter 20.

As observed in Metzenbaum, supra, at page 713:

"In each state, there are many thousands of buildings and many thousands of parcels of land.

"If each plaintiff were permitted to engage the courts with proceedings attacking the constitutionality or the unconstitutional-unreasonableness of each zoning ordinance as it applies to such complainant's own property, without *first* seeking relief by the available administrative remedies, would not the courts of every state be clogged with such actions virtually to the exclusion of other matters?

"Would there not be so great a flood of such proceedings as to overwhelm the courts?"

■ It would appear that another well settled principle of law as it pertains to mandamus would also necessitate an affirmance of the action of the Chancellor in sustaining the demurrer to the petition. This principle is that mandamus lies only when there is no other adequate remedy. See Ala.Dig., Vol. 14, Mandamus, ☞3(1), for innumerable citations of authorities. In the present case the appellants had an adequate remedy to review the decision of the Zoning Administrator by way of appeal to the Board of Zoning Adjustment, unless we assume, without any basis therefor, that the Board would not properly perform the duties cast upon it.

We further observe that should the contentions of the appellants be approved, then public hearings at which the views of the protagonists and the antagonists could be effectively aired and presented, as contemplated in the appeal sections of the zoning laws, would be rendered meaningless.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.