261 So.2d 37

CUZ, INC., a Corp., et al.

v.

James C. WALDEN et al.

6 Div. 791.

Supreme Court of Alabama.

April 13, 1972.

Robert S. Vance, Birmingham, for appellants.

364

J. M. Breckenridge, Birmingham, for appellees..

COLEMAN, Justice.

The complainants appeal from a decree declaring that a certain ordinance of the City of Birmingham is not unconstitutional on any ground urged by complainants, that respondents have not in any manner infringed upon constitutional rights of complainants, and that in the enforcement of the ordinance respondents have not been guilty of unlawful conduct.

The trial court also denied ancillary injunctive relief and damages sought by complainants.

The complainants are a corporation, incorporated under the laws of this state, and also John L. Cousins who is a resident of Jefferson County and is the president, director, and sole stockholder of the corporation.

The respondents are the city and certain officers and employees of the city.

Complainants aver that the corporate complainant owns certain real estate at three specified locations in the city, that said real estate is rental property and heretofore was rented to tenants, that purportedly acting under the city ordinance the respondents inspected said property at divers times during the period of two years prior to the filing of the bill, and that respondents made certain demands on com-

plainants that repairs and replacements be made to conform to the provisions of notice given to complainant Cousins. Complainants aver that the ordinance is vague, indefinite, uncertain, arbitrary, and capricious; is violative of the constitutional rights of complainants; and that enforcement of the ordinance results in the taking of the property of complainants without just compensation and without due process of law.

Complainants aver that the attempted enforcement of the ordinance is arbitrary and capricious, extends beyond the permissible limits of the ordinance, and results in confiscation of complainants' property without compensation and without due process of law, all in violation of constitutional rights of complainants.

Complainants aver that after receipt of notices and demands, building permits were obtained by complainants, and that they have undertaken certain repairs and are devoting the entire net rental proceeds from said properties to their repair and maintenance.

Complainants aver that notwithstanding their having undertaken to make repairs as aforesaid, respondents did on August 13, 1969, purportedly declare said premises unfit for human habitation and gave notice to the tenants to vacate said properties. Complainants aver that respondents harassed and intimidated the tenants and by reason of such harassment and intimidation the tenants in certain of the premises have vacated the same causing loss and damage to complainants.

Complainants aver that there exists a justiciable controversy between complainants and respondents as to the validity of the ordinance and also as to the legality of the attempted enforcement of the ordinance against complainants in respect to their said property.

Complainants aver that there exists a policy or conspiracy on the part of respondents to cause and require complainants to perform work and repairs not required by law, that respondents are wrongfully and maliciously threatening prosecution of complainants and their tenants, and that complainants will be irreparably damaged by such prosecution and enforcement efforts by respondents.

Complainants aver that they are ready and willing to perform all repairs on said premises which may be legally required of complainants.

Pertinent averments in the answer of respondents are as follows. The ordinance here in question, Housing Ordinance No. 1389–F, now appears as part of the city code, to wit: Chapter 25, Article VIII. The inspections referred to in the bill of complaint were made pursuant to Sections 25–57, et seq., of said Article VIII. Respondents deny that said provisions of the city code are vague, indefinite, uncertain, arbitrary, capricious, and violative of the constitutional rights of complainants. Respondents deny that enforcement of the code results in taking property without just compensation and without due process of law.

Respondents deny that efforts made to enforce said code provisions are arbitrary and capricious, beyond the permissible limits of Chapter 25, and result in confiscation of property without just compensation and without due process of law.

Respondents deny that building permits obtained by complainants covered the work required in the notices served on complainant and aver that said properties still remain in violation of relevant provisions of the city code.

Respondents aver that the premises of complainants were inspected and that notices outlining code violations found to exist as to each location were mailed to complainant Cousins on May 8, July 22, and January 11, all in 1968, respectively; that the properties thereafter were reinspected on numerous occasions; that no permits

were taken out for repairs until January 17, 1969, as to one location and until July 18, 1969, as to the others; that no substantial decrease was made in said code violations; that on August 13, 1969, complainant Cousins was notified by certified mail that one of the locations had been declared unfit for human habitation and "placarded"; that each of said premises are still in violation of the code and complainants have made no substantial attempt to remedy said defects.

Respondents deny that there was any harassment or intimidation of tenants, and aver that nothing was done "except in the normal routine procedure followed by the Health Department . . . . in enforcement" of Chapter 25, Article VIII, of the city code.

Respondents deny that a justiciable controversy exists; deny the existence of a policy or conspiracy on part of respondents to require complainants to perform work and repairs not required by law; and aver that notices given and action taken have been motivated only by good faith enforcement of the code.

Respondents deny that complainants have made reasonable efforts to comply with the code.

Respondents aver that complainants have failed to request a hearing before the Health Officer as provided by the code and that, because complainants have failed to exhaust their administrative remedies, the court is without jurisdiction to grant the relief sought by complainants.

The taking of oral testimony lasted two days and oral argument was on the third day. The oral testimony covers 238 transcript pages; exhibits cover an additional 93 pages. Appellants have made 222 assignments of error.

In support of their insistence that relief should be denied because of complainants' failure to exhaust administrative remedies, respondents cite Watson v. Norris, 283 Ala. 380, 217 So.2d 246, in which this court affirmed a judgment denying mandamus to direct a zoning administrator to withdraw his denial of a use permit. This court said:

> "It would appear that another well settled principle of law as it pertains to mandamus would also necessitate an affirmance of the action of the Chancellor in sustaining the demurrer to the petition. This principle is that mandamus lies only when there is no other adequate remedy. See Ala.Dig., Vol. 14, Mandamus, ☜3(1), for innumerable citations of authorities. In the present case the appellants had an adequate remedy to review the decision of the Zoning Administrator by way of appeal to the Board of Zoning Adjustment, unless we assume, without any basis therefor, that the Board would not properly perform the duties cast upon it." (283 Ala. at 384, 217 So.2d at 249)

In *Watson,* however, the plaintiff did not challenge the constitutionality of the ordinance there involved. It appears that a different rule applies where the complaining party attacks the ordinance in its entirety on constitutional grounds. In *Watson,* this court also said:

> "The doctrine of *Ambler,*[1] supra, is to the effect that if one attacks an ordinance in its entirety on constitutional grounds, then he may go directly to the courts without resort to administrative remedies, since an ordinance invalid in toto constitutes a present invasion of his rights. An administrative body has no power to declare an ordinance unconstitutional. See in accord Reynolds v. Vulcan Materials Co., 279 Ala. 363, 185 So.2d 386." (283 Ala. at 384, 217 So.2d at 248)

In the instant case, there is testimony to the effect that complainant Cousins did receive notices of the violations of the city code which allegedly existed on the real estate here involved, and that com-

---

1. Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016.

plainants did not apply for a hearing on the matter before the Health Officer as provided by Sections 25–65, 25–66, and 25–67 of Article VIII, Chapter 25 of the city code.

 In their bill of complaint, however, complainants do attack the constitutional validity of Ordinance No. 1389–F in its entirety. It appears that the trial court did so regard complainants' attack and did consider the constitutional validity of the ordinance in its entirety. This action of the trial court appears to be in accord with the *Ambler* doctrine.

In *Ambler*, the validity of a zoning ordinance was at issue. In the instant case, the validity of a housing ordinance is at issue. No reason has been shown to make any distinction between a party complaining as to the validity of the housing ordinance and a party complaining as to the validity of the zoning ordinance with respect to the requirement that the party complaining must exhaust available administrative remedies before the courts will entertain a complaint by such party against the validity of the ordinance. The same reasoning seems to apply to both ordinances with respect to exhaustion of administrative remedies. In *Ambler,* the court said:

"A motion was made in the court below to dismiss the bill on the ground that, because complainant [appellee] had made no effort to obtain a building permit or apply to the zoning board of appeals for relief as it might have done under the terms of the ordinance, the suit was premature. The motion was properly overruled. The effect of the allegations of the bill is that the ordinance of its own force operates greatly to reduce the value of appellee's lands and destroy their marketability for industrial, commercial and residential uses; and the attack is directed, not against any *specific provision* or provisions, but against the ordinance as an *entirety*. Assuming the premises, the existence and maintenance

of the ordinance, in effect, constitutes a present invasion of appellee's property rights and a threat to continue it. Under these circumstances, the equitable jurisdiction is clear. See Terrace v. Thompson, 263 U.S. 197, 215, 44 S.Ct. 15, 68 L.Ed. 255, 274; Pierce v. Society of Sisters, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070, 1078, 39 A.L.R. 468." (Emphasis Supplied) *272 U.S. at 386, 47 S.Ct. at 117, 71 L.Ed. at 310, 54 A.L.R. at 1024.*

The opinion in *Ambler* has been carefully analyzed in The Law of Zoning, by Metzenbaum. Part of the analysis recites as follows:

"The usual requirement that a complainant must exhaust his available Administrative Remedies, before the courts will entertain such complainant's action, is divided—at the very outset—into *two,* dissimilar situations, to wit:

"(a) When a court-proceeding alleges that the zoning ordinance or regulation is unconstitutional in its *Entirety,* and that the very existence of 'the ordinance and maintenance thereof, in effect, constitutes a present invasion of the complainant's property rights and a threat to continue it', and—on the other hand:

"(b) When the court action is aimed merely 'against any *specific* provision or provisions' of a zoning ordinance, as they apply to complainant's particular property.

"In the former (a) instance—when a zoning ordinance is thus attacked in its *entirety,* it is not necessary to have employed the available administrative remedies, such as applying for a permit or going before the board of appeals, before entering court, or applying to the Legislative body.

"But, when a zoning ordinance, in the latter (b) situation is attacked as to unconstitutionality or unreasonableness of a '*specific* provision' (or provisions) as it affects complainant's particular prop-

erty, such complainant *is* required to employ the available administrative remedies, *before* the courts will entertain such action.

"To be sure, there are exceptions (as hereinafter noted) to these two rules, just as exceptions always present themselves, but these two co-existent rules appear to be recognized in quite nation wide manner, as evidenced later herein.

"In the pathfinding case of Village of Euclid v. Ambler Realty Company . . . . Mr. Justice Sutherland laid down certain, definite *prerequisites* which must obtain *before* a plaintiff may hurdle all administrative reliefs and come—straightway—into court.

"It is but necessary to emphasize the words so carefully selected by that Washington tribunal, in that opinion.

"Once understood, it will be seen that a plaintiff—who is *not* seeking to 'attack an ordinance in its *entirety*' (as that plaintiff Ambler *was* doing), but is merely attacking '*specific provisions*' as being unreasonable, must generally find himself thwarted in such a proceeding, unless such plaintiff has exhausted the available administrative or legislative remedies." The Law of Zoning, Metzenbaum, Second Edition, 1955, Vol. One, pages 708, 709.

 The City of Birmingham has authority to enact ordinances providing minimum housing standards as to the maintenance of dwellings within the City. § 654, Title 62, Code 1940; Act No. 217, Acts ·of 1969, Vol. 1, page 284; Wheat v. Ramsey, 284 Ala. 295, 224 So.2d 649. The court did not err in holding that Housing Ordinance No. 1389–F in its entirety is not unconstitutional on any ground urged by complainants.

In brief, complainants say:

"John Cousins has no justified complaint about Birmingham's passage of a minimum housing ordinance per se. But Cousins does have a right that the ordinance be understandable, that its requirements be reasonably related to some legitimate exercise of police power and that he not be coerced to comply with requirements not even included among its provisions.

"The actions of the respondent enforcement authorities have violated those rights. Whatever validity the Birmingham Ordinance may have, it is clear that as enforced it exceeds all permissible bounds.

"In this case Cousins is being required to perform a long list of items, some of which he protests vehemently, and others of which he doesn't protest at all. The legality of the various items is not controlled by identical principles of law.

"To test their legality they must be examined on an item-by-item basis. The Court below was unwilling to make such an examination but rested on the broad conclusion that everything done was legal and proper. It is therefore necessary that we ask this Court to examine the separate items challenged by Cousins."

Complainants then proceed to argue in detail seven groups of items which were stated on the notices sent to Cousins to be violations of Ordinance No. 1389–F, now in the city code.

The seven items in the notices of violations are to effect as follows:

1. Complainants are required to repair and replace downspouts and gutters. Complainants contend that nowhere in the ordinances of the City is there any requirement pertaining to downspouts and gutters.

2. Complainants are required to replace one-half inch relief valves on water heaters with three-quarter inch valves. The witness Sasser testified that the code requirement in this respect is not retroactive as to one-half inch valves in good working order.

3. Complainants are required to replace or vent gas space heaters. Complainants contend that no heater defect was noted by the inspector.

4. Complainants are required to replace water pipes. Complainants say that the replacement cost is prohibitive and necessity for replacement was not shown.

5. Complainants are required to remove extension cords and all electrical work shall be done by a licensed contractor. Complainants say the ordinance says nothing about extension cords or who is to do electrical work.

6. Complainants are required to paint exterior woodwork or provide other protective covering or treatment, scrape if necessary. Complainants say that the ordinance is void for vagueness, provides no standard to determine when painting is necessary, and provides a classic opportunity for the exercise of arbitrary discrimination by those ordering the painting to be done.

7. A combination of requirements alleged to be void for vagueness and productive of arbitrary discrimination.

The bill of complaint does not state any of the items included in the seven categories mentioned above. In this court, however, complainants are now attacking "specific provisions" of the ordinance and also specific instances in the alleged enforcement of the ordinance. It seems probable that complainants attacked the same specific items in the trial court. In *Ambler,* as noted above, the attack was not against any specific provision or provisions, but against the ordinance as an entirety; and, for that reason, it was held proper not to dismiss the bill although complainant had not exhausted available administrative remedies. In the instant case, complainants are now attacking specific provisions of the ordinance and specific instances of enforcement, but complainants have not exhausted available administrative remedies. In this circumstance, complainants are not entitled to an item by item consideration of specific provisions of the ordinance or to review of specific instances of enforcement alleged to be violative of the rights of complainants. The administrative hearing is the place for first presenting these specific complaints.

The trial court declared that respondents have not in any manner infringed upon constitutional rights of complainants and have not been guilty of unlawful conduct. The decree is modified to state that due to complainants' failure to exhaust available administrative remedies, the seven specific items argued on this appeal by complainants are not due to be considered and have not been considered. Whether the matters complained of in said seven specific items violated the rights of complainants is not decided.

As thus modified, the decree is affirmed.

Modified and affirmed.

HEFLIN, C. J., and BLOODWORTH, MADDOX, and McCALL, JJ., concur.