TAYLOR, Judge.
Jerry Vinson was indicted and tried for assault in the first degree, it having been charged that he “did, with intent to cause serious physical injury to another person, cause serious physical injury to J.D. Williams, by means of a deadly weapon or a dangerous instrument, to wit: a wooden stick, in violation of § 13A-6-20_” The jury convicted Vinson of second degree assault, a lesser included offense. The court, observing prior felony convictions for forgery and for assault with intent to murder, sentenced Vinson to the minimum permissible sentence of 15 years. On appeal, he asserts but one issue: He contends his trial counsel rendered ineffective assistance.
His appellate counsel recites various portions of trial counsel’s closing statement to the jury as his sole evidence of ineffective assistance:
“And the punishment should be dealt out to these people who engage in this kind of conduct, but I believe that with the testimony we’ve had here today that Jerry Vinson is charged with a more serious crime than his conduct showed.
a * # *
“_ He’s guilty of something. He should be punished some way but not first degree assault....
“.... He should have to pay for his doctor, bills, he should have to suffer some kind of punishment. True. But, not assault one. Three. That is what he is guilty of here, assault in the third degree_ He committed a wrong. No question. He should be punished. He knows that, but you don’t hang a man for stealing a nickel apple. Punish him but don’t hang him.
“Now the judge will charge you the law on it, and as he reads you assault in the third degree you think about it. With the circumstances we have involved in this case that is what Jerry is guilty of.'
ii * * *
“.... Assault three is what he’s guilty of.... I’m going to ask you to come back with a verdict of assault in the third degree because I think that is what he is guilty of.”
Appellant seems to argue on appeal that these statements made in summation amounted to a guilty plea by the lawyer without the client’s consent. We take a different view. The evidence from each witness was conclusive that Vinson entered the back room of a store where Williams and another were seated. In his hand he held a three-foot long, hickory stick, approximately two or three inches in diameter. He struck Williams over the head with this stick, Williams lunged for the stick and Vinson struck him one or more additional times as they both fell to the floor. At this point, Vinson was stopped, and he left, still in possession of the weapon. Williams was taken to the hospital, bleeding copiously from the wounds.
*177 The testimony at trial was undisputed as to what had happened. Vinson did not testify. Other witnesses speculated as to the motive for the assault, but no motive was satisfactorily proven. One witness testified that Vinson was angry because Williams had told Vinson’s wife of some of the things he and Vinson had done when they were off drinking together. Vinson’s only quoted remark was “I’ll kill you, you son-of-a-bitch.”
With the facts in this posture, the trial counsel for the defendant faced a dilemma. To present any plausible argument to the jury, he had to admit the uncontradicted facts of the case, that is, that his client did the act of which he is accused. Trial practice is the art of the possible. About the only chance Vinson had was for his lawyer to persuade the jury to have mercy on him and find him guilty of a lesser included offense. The jury did in fact convict Vinson of a lesser included offense. The trial counsel conducted himself in a very able manner and did as well for his client as any one could have under the circumstances. We find absolutely no evidence of ineffective assistance. The appellant has failed in his burden of proof under the standards as laid down in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel should have the broadest discretion in all matters of trial strategy. Goodman v. State, 387 So.2d 862 (Ala.Cr.App.1980).
AFFIRMED.
All the Judges concur.