This is a zoning case.
Carl and Michael Beaird, (hereinafter referred to as Beaird), applied to the City of Hokes Bluff, Alabama (City), to have certain property they owned rezoned from R-1 (residential) to B-1 (business). Following the recommendation of the Planning Commission, the City Council denied Beaird's request and refused to rezone the property. Thereafter, Beaird filed a complaint in the Circuit Court of Etowah County, Alabama, seeking an order against the City directing that the property be rezoned as B-1, and for damages for the City's failure to rezone the property upon proper request.
Beaird premises his complaint on constitutional grounds, alleging that the City's refusal to rezone the property was arbitrary and capricious, and that the zoning ordinance, as applied to Beaird's property, effects a denial of due process and equal protection.
The City filed a motion for summary judgment, alleging that Beaird had failed to exhaust administrative remedies by requesting a variance from the board of zoning adjustment prior to filing suit, and additionally, that as a result, Beaird's claim is time-barred by Ala. Code 1975, § 11-52-81, which governs appeals from the board of zoning adjustment. After argument of counsel, the trial court granted the City's motion for summary judgment; hence, this appeal.
The dispositive issue is whether a landowner, such as Beaird, whose request for rezoning is denied by the municipal legislative body, must thereafter exhaust administrative remedies by requesting a variance from the board of zoning adjustment pursuant to Ala. Code 1975, § 11-52-80, prior to seeking judicial relief.
Beaird contends that summary judgment was improper. Beaird argues that the relief sought was not within the statutory powers specified in Ala. Code 1975, § 11-52-80, for a board of zoning adjustment, even if such a board existed in the City of Hokes Bluff. Beaird further contends that Ala. Code 1975, §11-52-81, does not govern this appeal because it is not an appeal from an action of a board of zoning adjustment.
The City asserts that a property owner seeking to have his property rezoned must exhaust administrative remedies by requesting a variance or other relief from the board of zoning adjustment before seeking judicial relief and cites City ofGadsden v. Entrekin, 387 So.2d 829 (Ala. 1980), and Watson v.Norris, 283 Ala. 380, 217 So.2d 246 (1969), to support that contention. We disagree. While Entrekin and Watson aptly assert the principle of exhaustion, they involve decisions of a board of zoning adjustment, or that of a zoning administrator when a petitioner is seeking either a variance or the issuance of a use permit, and the failure to properly appeal therefrom.
A board of zoning adjustment, pursuant to Ala. Code 1975, § 11-52-80, lacks the power to rezone property. It may only
 "(1) . . . hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto; (2) . . . hear and decide special exceptions to the terms of the ordinance upon which such *Page 905 
board is required to pass under such ordinance; and (3) . . . authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done."
Ala. Code 1975, § 11-52-80(d). See also City of Homewood v.Caffee, 400 So.2d 375 (Ala. 1981).
Beaird's assertions in circuit court are in the nature of mandamus and are grounded on claims of due process and equal protection, as well as allegations that the actions of the City are arbitrary and capricious. The board of zoning adjustment has no power to consider the issues raised in Beaird's complaint, since an administrative body has no power to declare an ordinance unconstitutional. City of Homewood, supra. The trial court was not precluded from assuming jurisdiction of this cause, and its granting of summary judgment was error. Further, this cause is not time-barred by Ala. Code 1975, §11-52-81, since the board of zoning adjustment had no jurisdiction over the claims posed in Beaird's complaint and this is not an appeal from an action of the board of zoning adjustment.
For the foregoing reasons, the judgment of the trial court is due to be, and is hereby, reversed and remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.