RUSSELL, Judge.
John M. McCary and First South Corporation (landowners) appeal from the dismissal of their complaint brought against the City of Fairhope (city) and the Baldwin County Commission (county).
In this case the landowners purchased three acres of land with the intent of developing a subdivision consisting of single family dwellings. After preparing a subdivision plat of the property, the landowners received preliminary approval of the plat from the city in April 1986. In August 1986 the landowners requested final approval of the plat by the city. Final approval by the city was denied at that time *1215 due to concerns that the plat would result in adverse drainage problems, which were the responsibility of the county to remedy before the plat could be approved. The complaint reveals that in order to facilitate the requisite approval needed to develop this property, the landowners took it upon themselves to help the county formulate a solution to these drainage problems.
After fourteen months and numerous rejected proposals, the landowners and the county engineer agreed on a plan. This plan involved the landowners’ purchasing pipe from the county and the county’s installing the pipes to carry the drainage into a nearby bay. However, according to the record the county engineer left his job before the plan could reach fruition.
The record shows that nearly three years passed before the planning commission met again on August 7, 1989, to consider the landowners’ application. The record is silent as to what actions, if any, the landowners were taking during this time. The minutes of this August 7 meeting indicate that the land was not in the same condition that it was in when the landowners and the county engineer agreed on the plan. Apparently, there was some question as to whether the plan could still be approved by the county in light of certain changes in the area. Consequently, the city decided not to grant preliminary approval because of the existing problems. It appears that the city is still waiting on a plausible solution to the drainage problem that will warrant county and city endorsement on the approval of the subdivision plat, as the minutes read, “until the county relieves the problems, no further development [will] be allowed in this area.”
The record shows that these minutes from the meeting of the planning commission were attached to the landowners’ complaint as exhibit “A.” Therefore, they became part of that pleading under Rule 10(c), Alabama Rules of Civil Procedure. In the complaint the landowners allege, “[D]ue to the moratorium on the development of said property, Defendants have denied Plaintiffs all or substantially all use of their lands, in violation of the Constitution and laws of the State of Alabama and the United States of America.”
The trial court dismissed the complaint with leave to amend. The landowners amended the complaint, asserting a cause of action for mandamus, which was stayed by the trial court and is not part of this appeal. Because the trial court issued a Rule 54(b), A.R.Civ.P., order which made the dismissal of the claims a final judgment even though the mandamus count on the amended complaint has yet to be adjudicated, this case is properly before us. We affirm.
A moratorium is a period of obligatory postponement of fulfillment of obligations decreed by the state through the courts or the legislature, which a court may modify or vacate for good cause shown. 27A Words and Phrases Moratorium (perm. ed. 1961). The landowners do not allege in their complaint that a moratorium has been “decreed” by a court or a legislative body, and there is no evidence of any such decree in the exhibit attached to the pleading. Because there was nothing in the pleading presented to the trial court indicating that permanent action had been taken by the city or county regarding the disposition of their land, there was nothing to support the landowners’ allegations that they were entitled to relief for being permanently deprived of the use of this property.
It logically follows that before these “taking” claims are cognizable, it must first be determined whether the planning commission has in fact made a final decision regarding the property and intends to permanently deny the application for the proposed subdivision. Once that determination has been made, then mandamus is available if the planning commission improperly denies approval of their subdivision plat. See Smith v. City of Mobile, 374 So.2d 305 (Ala.1979), which states:
“ Where a subdivision plan is disapproved, valid reasons must be given for such action. Where reasons for disapproving a subdivision plan, or a development plan, are vague or uncertain in meaning and provide no information to *1216 the developer to enable him to know wherein the plan failed to meet the requirements of the regulations, it has been held that such action operates to deprive a developer of his property without due process of law.’ ”
Id. at 308 (quoting E.C. Yokley, The Law of Subdivisions, § 53 (1963 and Supp.1979)).
In other words, claims grounded in due process and equal protection are assertions in the nature of mandamus. Beaird v. City of Hokes Bluff, 595 So.2d 903 (Ala.Civ.App.1992). Therefore, there are issues in this case that must first be decided by the trial court when it considers the mandamus claim before the validity of allegations for damages for a “taking” of land can be determined. Additionally, claims for a breach of contract and estoppel are not ripe because a contract between the landowners and the city and county has not been breached. Accordingly, the landowners’ complaint was properly dismissed as premature.
A motion to dismiss should be granted when a party has failed to state a claim for which relief can be granted. Parker v. Miller Brewing Co., 560 So.2d 1030 (Ala.1990). In light of the above, all the claims raised on appeal by the landowners were properly dismissed. This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.