The petitioner, Peter Austin Bush, an attorney practicing in Mobile County, filed this petition for a writ of mandamus requesting us to direct the Honorable Chris N. Galanos, circuit judge for the Thirteenth Judicial Circuit, to approve the attorney fee declarations Bush submitted for 11 indigent cases. Bush was appointed to represent Carlos Balams (CC-96-4705), Kevin Cappell (CC-96-226), Carol Dimarzio (CC-97-470), Lissette A. Henderson (CC-97-537 through 97-543), and Terry Rawls, (CC-97-659), who were indigent. After Bush's work for the clients in circuit court was completed, he submitted a bill for services ("attorney fee declarations") in accordance with § 15-12-21(e), Code of Alabama 1975, requesting payment from the State Comptroller's Office. The Comptroller's Office notified Bush that the fees approved by Judge Galanos were less than the amounts he had submitted. In the case Statev. Carlos Balams, Bush submitted a fee of $818 and Judge Galanos approved $302; in the case State v. Kevin Cappell, Bush submitted a fee of $274 and Judge Galanos approved $258; in the case State v. Carol Dimarzio, Bush submitted a fee of $652 and Judge Galanos approved $242; in the caseState v. Lissette A Henderson, Bush submitted a fee of $614 and Judge Galanos approved $202; in the case State v. Terry Rawls, Bush submitted a fee of $466 and Judge Galanos approved $232. Bush contacted Judge Galanos's office and was told Judge Galanos would not authorize the payment of certain expenses. Judge Galanos had not requested an explanation for any amount or any expense on the submitted fee claims. Bush then filed this petition for a writ of mandamus, asking us to direct payment for all moneys he submitted on the attorney fee declarations. He also requests that we find Mobile County's indigent defense system unlawful and in violation of § 15-12-21.
Initially, we must determine if mandamus relief is the appropriate method by which to review Judge Galanos's actions. The Alabama Supreme Court in Sparks v. Parker, 368 So.2d 528 (Ala. 1979), reviewed Calhoun County's indigent defense system by way of a petition for a writ of mandamus. This Court has reviewed a trial court's failure to pre-approve an attorney's request for office overhead according to § 15-12-21, pursuant to a mandamus petition. Ex parte Barksdale, 680 So.2d 1029
(Ala.Cr.App. 1996). "Mandamus is a drastic and extraordinary writ, to be issued only where there is a clear legal right to the relief sought by the *Page 385 
petitioner." Ex parte Clark, 643 So.2d 977, 978 (Ala. 1994). See also Exparte Spears, 621 So.2d 1255 (Ala. 1993). "[M]andamus lies only when there is no other adequate remedy." Cuz, Inc. v. Walden, 288 Ala. 362,261 So.2d 37 (Ala. 1972). Bush has no other adequate means of protecting his interest.
We are compelled to grant the relief Bush seeks. This matter is one of jurisdiction. Judge Galanos is without jurisdiction to consider the fee claims for those cases not tried in his court. "[J]urisdictional matters are of such magnitude that [appellate courts] take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987).
The Sixth Amendment to the Constitution of the United States provides that an accused is entitled to counsel. This amendment states:
 "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."
(Emphasis added.) See also Art. I, § 6, Alabama Constitution of 1901, and Rule 6.1, Ala.R.Crim.P.
In Gideon v. Wainwright, 372 U.S. 346 (1963), the United States Supreme Court held that the Sixth Amendment right to counsel applied to the individual states through the Fourteenth Amendment.[1] In reaching this conclusion, the Court reasoned that there is no right more basic or fundamental than the right to the assistance of counsel. The Gideon Court stated the following reasons for this conclusion:
 "From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him. A defendant's need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in Powell v. Alabama, [287 U.S. 45, 53 S.Ct. 55, 77 L.Ed.2d 158
(1932)]:
 "`The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence *Page 386 
irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.' 237 U.S., at 68-69, 53 S.Ct., at 64, 77 L.Ed. 158."
372 U.S. at 344-45.
In accordance with the United States Constitution and the Constitution of Alabama, Alabama enacted an indigent defense system to ensure that an indigent is afforded the right to counsel. See § 15-12-1, et seq., Code of Alabama 1975. Section 15-12-3 provides that the "presiding circuit judge shall administer the indigent defense system" for each circuit. Each presiding circuit judge is also empowered to appoint an indigent defense commission. See § 15-12-4, which shall have the power to "advise the presiding circuit judge on the indigent defense system" and to advise the presiding circuit judge on the "administration of indigent defense systems within the circuit." § 15-12-4(e).
Section 15-12-21 governs the appointment and compensation of trial counsel. This section states:
 "(a) If it appears to the trial court that such defendant is entitled to counsel, that such defendant does not expressly waive the right to assistance of counsel and that such defendant is not able financially or otherwise to obtain the assistance of counsel, the court shall appoint counsel to represent and assist the defendant; and it shall be the duty of such appointed counsel, as an officer of the court and as a member of the bar, to represent and assist said defendant.
 "(b) If it appears to the trial court in a delinquency case, need of supervision case or other judicial proceeding in which a juvenile is a party, that said juvenile is entitled to counsel and that such juvenile is not able financially or otherwise to obtain the assistance of counsel or that appointed counsel is otherwise required by law, the court shall appoint counsel to represent and assist the juvenile or act in the capacity of guardian ad litem for such juvenile; and it shall be the duty of such appointed counsel, as an officer of the court and as a member of the bar, to represent and assist said juvenile.
 "(c) If it appears to the trial court that the parents, guardian or custodian of a juvenile who is a party in a judicial proceeding, are entitled to counsel and such parties are unable to afford counsel, upon request the court shall appoint counsel to represent and assist such parents, guardian or custodian; and it shall be the duty of such appointed counsel, as an officer of the court and as a member of the bar, to represent and assist said parties.
 "(d) Counsel appointed in cases described in subsections (a), (b) and (c) above, including such cases tried de novo in circuit court on appeal from a juvenile proceeding, shall be entitled to receive for their services a fee to be approved by the trial court. The amount of such fee shall be based on the number of hours spent by the attorney in working on such case and shall be computed at the rate of $40.00 per hour for time expended in court and $20.00 per hour for time reasonably expended out of court in the preparation of such case. The total fees to any one attorney in any one case, from the time of appointment through the trial of the case, including motions for new trial, shall not, however, exceed $1,000.00, except as *Page 387 follows: In cases where the original case involves a capital offense or a charge which carries a possible sentence of life without parole, the limits shall be $1,000.00 for out-of-court work, plus payment for all in-court work, said work to be billed at the aforementioned rates. Counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in such defense to be approved in advance by the trial court. Retrials of a case shall be considered a new case.
 "(e) Within a reasonable time after the conclusion of the trial or ruling on a motion for a new trial or after an acquittal or other judgment disposing of the case, counsel shall submit to the trial court a bill for services rendered, not to exceed the amount provided in subsection (d) of this section, and such bill, if approved by the trial court, shall be submitted by the clerk of the court to the State Comptroller for audit and allowance and, if approved by the Comptroller, shall be forwarded to the State Treasurer for payment."
(Emphasis added.)
Bush argues that Mobile County's indigent defense system violates § 15-12-21. Specifically, he contends that Judge Galanos should not have considered all of the attorney fee declarations because he did not preside over every case, that Judge Galanos should have approved his attorney fee declarations in the amounts he submitted, and Mobile County's indigent defense system is arbitrary and capricious. The State fails to specifically address Bush's contention that Judge Galanos could not lawfully consider the fee claims of cases that he did not preside over. The State's only argument is that it was within Judge Galanos's discretion, given the wording of § 15-12-21, to reduce the amount of the fee claims. The State also asserts the following in its answer to Bush's petition:
 "In Mobile County, the old fee declaration review system resulted in a backlog of some 1,000 cases awaiting fee disposition, due to a single judge's opinion that the time submissions were exaggerated, and led to perceived bias in awarding fees. Due to the resulting predicament and misperceptions, the circuit judges of Mobile County created a preliminary evaluation and advisement system to make prompt, thorough, and impartial determinations about the time allocations to be designated to various defense counsel's activities."
Under the Mobile County system, attorney fee declarations are first submitted to a five-member indigent defense commission. The commission then recommends an amount it believes the attorney in a case should be paid, and the fee declaration and the recommended amount are then submitted to the judge designated to review the declarations (presently Judge Galanos) for final approval. Bush contends, and the State does not dispute, that the "submitting judge then approves velnon the recommended figure." In Mobile County the fee declarations are not submitted to the judge who presided over the case; rather, all fee declarations in Mobile County are delivered to a designated judge; that position rotates among all of the circuit judges in Mobile County. According to Judge Galanos, at least 60 — 75% of the fee declarations are reduced before they are forwarded to the State Comptroller for payment.
Mobile's indigent defense system violates § 15-12-21. Section15-12-21 states at the beginning of subsections (a), (b), and (c), that the trial court shall determine whether an accused is indigent. Section15-12-21(e) states that "counsel shall submit to the trial court a bill for services *Page 388 
rendered, not to exceed the amount provided in subsection (d) of this section, "and that bill, if approved by the trial court," is submitted to the State Comptroller for payment. (Emphasis added.) Section 15-12-21
clearly states that the trial judge that tried the case must approve the fee declaration.[2] Judge Galanos does not have jurisdiction to consider fee declarations of cases that were not tried in his court. Judge Galanos could lawfully only consider the fee declaration pertaining to State v. Terry Rawls, as he presided over that case.
Bush also argues that Mobile County's indigent defense system results in arbitrary and capricious treatment. A system that permits a judge who did not try the case to reduce an appointed counsel's fee claim is arbitrary and capricious. Clearly, the judge who presides over the trial is in an infinitely better position to evaluate the reasonableness of a fee claim, after having witnessed the attorney's performance during trial. It is for this reason that § 15-12-21(e) requires that claims for fees in indigent cases be submitted to and approved by "the trialcourt."
Mobile's system fails to recognize that no two attorneys prepare for a case the same way, that all attorneys do not have the same level of expertise, those with less experience must spend more time on a matter, and that the complexity of the legal issues involved in a particular case does not necessarily depend on the severity of the charge. Additionally, a fee submitted by an attorney who has experience in criminal law may be paid in its entirety; whereas, a fee submitted by an inexperienced attorney may be reduced. For the reasons noted above and because Mobile's indigent defense system as currently administered conflicts with the procedure prescribed in § 15-12-21, this Court finds that Mobile County's indigent defense system results in an arbitrary and capricious treatment of attorneys' fee claims.
The State maintains that caselaw supports its argument that Judge Galanos has absolute discretion to approve a fee claim. However, in every case relied on by the State to support its position that the approval of the total fee is discretionary, the reviewing Court was asked to interpret the provision of § 15-12-21 which deals with "reasonable expenses." Ex parte Smith, 698 So.2d 219 (Ala. 1997) (review of request for funds for office overhead); Whittle v. State, 518 So.2d 793
(Ala.Cr.App. 1987) (review of denial of funds for psychiatric expert);Willis v. State, 441 So.2d 1030 (Ala.Cr.App. 1983) (review of denial of funds to procure expert); Wiggins v. State, 440 So.2d 1164 (Ala.Cr.App. 1983) (review of denial of funds to procure expert pharmacologist).
This Court is aware of no case that specifically addresses a trial court's failure to pay a fee claim, which was within the statutory limit based on the number of hours the attorney claimed had been spent in preparing and trying the case. In fact, the failure to pay the fee for the number of hours submitted actually conflicts with prior caselaw. Matters of trial preparation must, by necessity, be left to the discretion of counsel preparing the case. "Trial counsel should have the broadest discretion in all matters of trial strategy." Vinson v. State,494 So.2d 175 (Ala.Cr.App. 1986), quoting Goodman v. State, 387 So.2d 862
(Ala.Cr.App. 1980). Here, in no case did the requested fee exceed the statutory *Page 389 
cap of $1,000[3] and Bush's attorney fee declarations are meticulously itemized, showing the number of hours spent preparing each case.
An attorney who has been appointed to represent an indigent defendant is entitled to be paid for the hours expended on the case, provided the requested amount does not exceed the statutory cap.[4] As § 15-12-21
states: "the amount of such fee shall be based on the number of hoursspent by the attorney in working on such case." (Emphasis added.)
By issuing this opinion, this Court does not intend to give attorneys representing indigent defendants carte blanche to submit fee claims of $1,000 for each appointed case. The fee claim will be reviewed by the judge who presided over the case. Moreover, it is this Court's experience that the claims submitted by the vast majority of appointed attorneys are below the $1,000 statutory cap. We also recognize that not only has an attorney taken an oath before the Alabama State Bar, but also on each attorney fee declaration the submitting attorney attests that the fee claimed is correct and accurate.
Bush also alleges, and the State does not refute it, that Mobile County does not "pay travel time" and that it routinely reduces amounts requested by attorneys for in-court time "on the theory that declarant should `find something to do' in the time between scheduled docket call and declarant's individual call." Section VII of the "Uniform Guidelines for Attorney Fee Declarations" prepared by the Indigent Defense Commission of the Alabama State Bar states that an attorney may be reimbursed for time spent traveling to and from the courthouse and that this time should be billed at the out-of-court rate. Section XV states that "all waiting time at the courthouse for a scheduled court appearance caused by circumstances beyond counsel's control may be billed as in-court time and should be noted as such on the Fee Declaration Form." The State Comptroller's Office pays those claims that are within these guidelines, and this Court now holds that appointed counsel is entitled to be reimbursed for his or her time in accordance with Sections VII and XV of the above- referenced guidelines.
This Court recognizes and appreciates Mobile County's efforts to conserve State funds. However, we cannot condone that practice when it results in a violation of § 15-12-21 and penalizes an attorney who has provided professional services to an indigent defendant. If Mobile County wants to modify the indigent defense statute, it should seek redress from the Legislature. This Court has no authority to make or to change laws.
The citizens of the State of Alabama owe attorneys who represent indigent defendants our gratitude and thanks. Representing indigent defendants is not always monetarily rewarding and frequently an attorney is not paid the full amount he or she is due. It is only with the help of these attorneys, who so graciously give of their time to represent indigent defendants, that our system of justice is able to operate. *Page 390 
For the foregoing reasons, this petition is due to be granted. Bush is directed to file supplemental fee claims to his original attorney fee declarations with those judges who presided over the individual cases for which he is seeking payment. The supplemental claims should contain the portion of the fees that were not originally approved. Unless the following judges have knowledge that the fees as submitted are not accurate, those judges are directed to approve the supplemental fee claims: Judge Ferrill McCrae is directed to approve the supplemental fee of $516.00 in State v. Carlos Balams, CC-96-4705; Judge Douglas Johnstone is directed to approve the supplemental fee of $16.00 in State v. KevinCappell, CC-97-226, and $410.00 in State v. Carol Dimarzio, CC-97-470; Judge Robert G. Kendall is directed to approve the supplemental fee of $412.00 in State v. Lissette A. Henderson, CC-97-537 through 97-543; and Judge Chris Galanos is directed to approve the supplemental fee of $234.00 in State v. Terry Rawls, CC-97-659.
Mobile County is further directed to revise their indigent defense system so that all future fee claims comply with § 15-12-21, by having the trial judge who tried the case approve the attorney fee declaration.
For the forgoing reasons, we grant the petition.
PETITION GRANTED.
McMillan, Cobb, Brown, and Baschab, JJ., concur.
[1] The Fourteenth Amendment of the United States Constitution provides:
 "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
[2] We note that § 15-12-22(e), which governs appointment and compensation of attorneys appointed to handle appeals, specifically states that the presiding judge or chief justice of the appropriate court, as the case may be, shall approve fee claims for that court.
[3] The statutory cap of $1,000 does not apply to cases "where the original case involves a capital offense or a charge which carries a possible sentence of life without parole."
[4] The statutory cap in § 15-12-21 has withstood constitutional challenges. See Ex parte Grayson, 479 So.2d 76 (Ala.), cert. denied,474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985); Sparks v. Parker,368 So.2d 528 (Ala. 1979), appeal dismissed, 444 U.S. 803, 100 S.Ct. 22,62 L.Ed.2d 16 (1979).