Tom Hodges and Robert H. Adair, Jr. (collectively "Hodges"), appeal from a judgment of the Baldwin Circuit Court *Page 797 
granting a permanent injunction in favor of Gulf Highlands Development, L.L.C., and Merrill Land Company (collectively "Gulf Highlands"). We affirm.
In 2003, Gulf Highlands petitioned the Baldwin County Commission ("the BCC") to modify a previously approved "planned residential development" ("PRD") to be developed by Gulf Highlands ("the Gulf Highlands PRD"). The requested modification consisted of an exchange of land between the Gulf Highlands PRD and the Beach Club West PRD, a PRD to be developed by another developer. On November 18, 2003, the BCC held a public hearing concerning the requested modification to the Gulf Highlands PRD. Wayne Dyess, the planning and zoning director and zoning administrator for Baldwin County, was present at the hearing. According to the minutes of the hearing, Dyess stated that the requested modification represented a substantial change to the Gulf Highlands PRD. The BCC approved Gulf Highlands' request to modify its PRD and amended the PRD on November 18, 2003.[1]
In January 2005, counsel representing Gulf Highlands wrote a letter to Dyess, asking him to confirm the validity of the Gulf Highlands PRD. Dyess sent to Gulf Highlands' counsel a letter dated February 8, 2005, stating that the Gulf Highlands PRD remained a valid PRD. On March 8, 2005, Hodges filed an appeal to the Board of Zoning Adjustment for Baldwin County Zoning District 25 ("the Board"), asserting that Dyess, in his letter of February 8, 2005, had made a determination appealable to the Board.[2]
On April 15, 2005, Gulf Highlands sued Hodges, the Board, and the members of the Board, alleging that the Board lacked jurisdiction to hear Hodges's appeal. As relief, Gulf Highlands sought a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining the Board from hearing Hodges's appeal. On April 18, 2005, the circuit court issued a temporary restraining order enjoining the Board from hearing the appeal. On May 11, 2005, the circuit court issued a preliminary injunction enjoining the Board from hearing Hodges's appeal. On. July 7, 2005, the circuit court held a hearing regarding the request of Gulf Highlands for a permanent injunction.
On January 5, 2006, the circuit court entered a judgment permanently enjoining the Board from hearing Hodges's appeal. In its judgment, the circuit court found that Dyess's letter of February 8, 2005, which formed the basis of Hodges's appeal to the Board, was "not the type of official decision or determination" over which the Board has appellate jurisdiction. Hodges filed a postjudgment motion, which was denied by operation of law. Hodges timely appealed to this court. However, because this court lacked jurisdiction, it transferred the appeal to the supreme court. Subsequently, the supreme court transferred the appeal to this court, pursuant to §12-2-7(6), Ala. Code 1975.
On appeal, Hodges first argues that Dyess, the zoning administrator for Baldwin County, made a determination in his letter of February 8, 2005, that was appealable to the Board. Section 18.5.1 of the Baldwin County zoning regulations ("the zoning regulations") provides: "The Board of Adjustment shall hear and decide *Page 798 
appeals where it is alleged there is an error in any order, requirement, decision or determination made by the Zoning Administrator or other administrative official in the enforcement of these zoning regulations." In his letter of February 8, 2005, Dyess stated, in pertinent part:
 "It has been determined that the Gulf Highlands PRD site plan is still a valid PRD. Due to the major modification approv[ed by the BCC] on November 18, 2003, which was performed in accordance with Article IXX [sic] and Section 9.10 of the Baldwin County Zoning Regulations, the approval period [for the Gulf Highlands PRD] begins over.
 "However, please be aware that the approval period began to run after the major modification of the PRD was approved."
Dyess's statement in his letter that the BCC had approved a "major modification" to the Gulf Highlands PRD is reflected in the minutes of the BCC's November 18, 2003, hearing. The minutes indicate that the BCC held a public hearing on the proposed modification to the Gulf Highlands PRD, that Dyess said that the requested modification represented a substantial change to the Gulf Highlands PRD, and that the BCC approved the modification and amended that PRD. The BCC accepted Dyess's determination that the proposed modification was a major or substantial change to the Gulf Highlands PRD when the BCC approved the modification and amended the PRD on November 18, 2003. Pursuant to the zoning regulations, Hodges had 30 days from November 18, 2003, to appeal to the Board. However, Hodges did not file his appeal with the Board until March 8, 2005. Insofar as Hodges attempted to appeal to the Board the determination that the requested modification was a major or substantial change resulting in an amendment to the Gulf Highlands PRD, that appeal was untimely.
Hodges argues that Dyess, in his letter, made another determination that was appealable to the Board by stating that the "approval period" began anew when the BCC approved the major modification to the Gulf Highlands PRD. Section 9.10.2 of the zoning regulations provides, in pertinent part:
 "The approval of a [PRD] final site plan shall be effective for a period of two (2) years. If no construction has commenced within two (2) years, the developer shall have thirty (30) calendar days from the date of expiration to file for a one (1) year extension. If no extension is requested the PRD site plan approval shall be automatically revoked. . . ."
The zoning regulations specifically grant various powers to the zoning administrator. However, the regulations do not grant to the zoning administrator the power to determine when "the approval of a [PRD] final site plan" occurs and therefore begins the two-year effective period of the PRD. Therefore, Dyess, in his letter, could only state his opinion regarding whether the two-year period began to run anew when the BCC approved the modification to the Gulf Highlands PRD on November 18, 2003. Whether the two-year effective period actually began anew on November 18, 2003, was not determined by the circuit court and is therefore not before this court on appeal. Dyess's opinion regarding whether the two-year effective period was renewed upon the approval of the modification to the Gulf Highlands PRD is not determinative of whether that two-year period was actually renewed. Accordingly, the circuit court did not err in concluding that Dyess, in his letter of February 8, 2005, did not make a decision or determination that was appealable to the Board. *Page 799 
Hodges also argues that the circuit court erred in granting injunctive relief because, Hodges says, Gulf Highlands did not first exhaust available administrative remedies. Hodges argues that he should have been allowed to proceed with his appeal of Dyess's letter to the Board.
 "[The doctrine of exhaustion of administrative remedies] `requires that where a controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted.' Fraternal Order of Police, Strawberry Lodge v. Entrekin, 294 Ala. 201, 209, 314 So.2d 663, 670
(1975). Entrekin approved the `exhaustion of administrative remedies' doctrine found in United States v. Western Pacific Railroad Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), which applies where a claim is cognizable in the first instance by an administrative agency alone.'"
City of Huntsville v. Smartt, 409 So.2d 1353, 1357
(Ala. 1982).
 "It is well settled in Alabama that the general principle of `exhaustion of administrative remedies' applies to zoning matters. City of Gadsden v. Entrekin, 387 So.2d 829, 833 (Ala. 1980) (holding that `one must exhaust his remedies in a zoning matter before entering a court of law.'); Watson v. Norris, 283 Ala. 380, 217 So.2d 246 (1968). However, exhaustion of administrative remedies is a judicially imposed prudential limitation, not an issue of subject-matter jurisdiction. Furthermore, we recognize certain exceptions exist to the general rule of exhaustion of administrative remedies:
 "`The doctrine does not apply when (1) the question raised is one of interpretation of a statute, (2) the action raises only questions of law and not matters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of administrative remedies would be futile and/or the available remedy is inadequate, or (4) where there is the threat of irreparable injury.'
 "Ex parte Lake Forest Property Owners' Ass'n, 603 So.2d 1045, 1046-47 (Ala. 1992) (citing City of Gadsden v. Entrekin, supra)."
Budget Inn of Daphne, Inc. v. City of Daphne,789 So.2d 154, 157 (Ala. 2000).
The circuit court was presented with the issue whether Dyess, in his letter, made a determination or decision that was appealable to the Board, pursuant to the zoning regulations. The issue before the circuit court was predominantly a legal issue regarding an application of the zoning regulations to the undisputed content of Dyess's letter. The resolution of that issue did not require the exercise of administrative discretion or an administrative finding of fact. Accordingly, Gulf Highlands was not required to exhaust the administrative remedies available to it before petitioning the circuit court for injunctive relief.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
[1] Section 9.9.2 of the Baldwin County zoning regulations state that a substantive change to a PRD is considered an amendment to that PRD and is subject to the same procedures specified for the approval of a PRD.
[2] It is unclear from the record on appeal what interest Hodges has in the Gulf Highlands PRD. Gulf Highlands has not asserted that Hodges lacks standing.